**Ahkeen EL–SHABAZZ, also known as Robert Rayford, Plaintiff–Appellant,**

v.

**Phillip SHANDS, Correctional Official, in his individual capacity, Defendant–Appellee.**

**No. 01–5044.**

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2001.

Before SUHRHEINRICH and COLE, Circuit Judges; COLLIER, District Judge.*

---

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

## ORDER

Ahkeen El–Shabazz, a pro se Tennessee prisoner, appeals the district court's order and judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, El–Shabazz, also known as Robert Rayford, sued an inmate counselor (Shands) employed by West Tennessee State Penitentiary, where El–Shabazz is incarcerated. El–Shabazz alleged that Shands retaliated against him for filing grievances and legal actions by fabricating a false disciplinary report and by inciting other corrections officers to harass him. Following a hearing and opportunity to present evidence, El–Shabazz was found guilty of threatening another inmate and was issued a warning. Subsequently, Shands allegedly filed a pretextual "incompatible" against El–Shabazz, which resulted in the loss of his law library job and placement in protective custody, where he has been held for three months under restrictive conditions. In both his complaint and in a separate affidavit, El–Shabazz claimed that he had filed a grievance regarding the acts complained of and that a copy of the final disposition was attached. However, no copy of any grievance disposition was attached to either document.

The district court summarily dismissed El–Shabazz's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) in an order and judgment entered on November 30, 2000. The district court first noted that El–Shabazz had failed to demonstrate that he had exhausted his administrative remedies but that, pursuant to 42 U.S.C. § 1997e(c)(2), the complaint would be dismissed as frivolous or for failure to state a claim. The court then addressed each condition of which El–Shabazz complained and determined that he had failed to state a claim as to any of them. Accordingly, the district court found that El–Shabazz's complaint lacked an arguable basis in law and dismissed it as legally frivolous under § 1915(e)(2)(B)(i).

On appeal, El–Shabazz asserts that the district court misconstrued his complaint and that he had raised only one issue: "prison official filing false disciplinary and incompatible reports against plaint[iff] in retaliation for exercising of 1st amendment right to file prison grievance and law suits." El–Shabazz further argues that the district court analyzed his retaliation claim under an incorrect legal standard.

This court reviews de novo a district court's dismissal of a suit under 28 U.S.C. § 1915(e)(2) as frivolous or for failure to state a claim upon which relief may be granted. McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.1997). Section 1915(e)(2) requires a district court to screen cases at the moment of filing and to dismiss sua sponte those that are frivolous or fail to state a claim for relief. Id. at 612. A claim is considered to be frivolous if it lacks an arguable basis in law or fact. Denton v. Hernandez, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). In determining whether the plaintiff fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all the well-pleaded factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Bibbo v. Dean Witter Reynolds, Inc., 151 F.3d 559, 561 (6th Cir. 1998).

The Prison Litigation Reform Act requires prisoners bringing actions concerning prison conditions to exhaust all available administrative remedies before bringing suit in federal court. 42 U.S.C. § 1997e(a); *Wyatt v. Leonard,* 193 F.3d 876, 877 (6th Cir.1999). Exhaustion need not be considered, however, where the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir. 1998). El–Shabazz failed to attach copies of the dispositions of his grievance and appeal to his complaint as required. *See Wyatt,* 193 F.3d at 878. Nonetheless, because El–Shabazz's complaint is frivolous or fails to state a claim upon which relief may be granted, his lack of exhaustion of administrative remedies need not be considered.

Insofar as the district court construed El–Shabazz's complaint as raising issues under the Eighth and Fourteenth Amendments, those claims are expressly abandoned in El–Shabazz's brief on appeal and so are not reviewable by this court. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996).

■ There are two categories of retaliation claims—"general claims of retaliation and claims that allege that an individual was retaliated against for the exercise of specific constitutional rights." *Herron v. Harrison,* 203 F.3d 410, 414 (6th Cir.2000). "General claims of retaliation are brought under the Due Process Clause of the Fourteenth Amendment. To state a successful case of general retaliation, a prisoner must establish 'an egregious abuse of governmental power' or behavior that 'shocks the conscience.' " *Id.* (quoting *Thaddeus–X v. Blatter,* 175 F.3d 378, 387 (6th Cir.1999) (en banc)). Insofar as the district court construed El–Shabazz's complaint as bringing a general retaliation claim, it

properly analyzed that claim under the Fourteenth Amendment.

"The second category of retaliation claims involves allegations that state officials penalized an individual for the exercise of a specific constitutional right." *Herron,* 203 F.3d at 415. Consequently, the district court properly analyzed El–Shabazz's claim of retaliation for exercising his First Amendment rights under the standard set forth in *Thaddeus–X,* and we conclude that the district court reached the correct result.

In order to establish a First Amendment retaliation claim, a plaintiff must prove that: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus–X,* 175 F.3d at 394.

■ Prisoners have a First Amendment right to file grievances. *See Noble v. Schmitt,* 87 F.3d 157, 162 (6th Cir.1996). Thus, El–Shabazz was engaged in protected conduct when he filed a grievance against Shands's friend and coworker and has adequately alleged the first element of a retaliation claim. However, El–Shabazz has failed to allege sufficient facts in order to support the third element required to assert a retaliation claim.

Even if this court were to conclude that El–Shabazz was subjected to adverse action sufficient to satisfy the second prong of his retaliation claim, El–Shabazz has failed to establish that a causal connection exists between the adverse action and his protected conduct. El–Shabazz has not provided any evidence, other than his own self-serving and conclusory statements, to support his contention that Shands's deci-

sions were based on an intent to retaliate against him, as opposed to being based on the conduct for which he was penalized. A plaintiff's conclusory allegations are insufficient to show that the defendant was motivated by the exercise of his First Amendment rights. *See, generally, Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir.1996). Thus, the third element of a retaliation claim is not supported by the record. *See Thaddeus–X,* 175 F.3d at 394.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.