**James A. REEDER, Petitioner–Appellant,**

v.

**William SEABOLD, Warden, Tony Williams, Deputy Warden, Dr. Kahyat, Acting Medical Director, Debbie D'Ordine, Nurse Services Administrator, Defendants–Appellees.**

No. 01–5670.

United States Court of Appeals, Sixth Circuit.

Nov. 6, 2001.

Before KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

James A Reeder, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Reeder sued the warden (Seabold) for the Kentucky State Reformatory (KSR), the KSR deputy warden (Williams), the KSR acting medical director (Kahyat), and Nurse Services Administrator (D'Ordine), in both their individual and official capacities. Reeder essentially alleged that unspecified KSR medical personnel improperly released confidential medical information concerning his medical condition. He claimed that this conduct violated 1) his Fourth Amendment right to privacy, 2) the doctor-patient privilege, and 3) unspecified clauses of the Americans with Disabilities Act. Upon review, the district court dismissed Reeder's complaint, pursuant to 42 U.S.C. § 1997e, because he did not establish that he had exhausted his administrative remedies.

Reeder essentially reasserts his claim. He also argues that he did not file a grievance because other inmates serve on the grievance committee, and they are not bound by privacy requirements. He also argues that he did not file a grievance because medical matters are non-grievable.

Upon review, we conclude that the district court properly dismissed Reeder's complaint for lack of exhaustion. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998). Under 42 U.S.C. § 1997(e)(a), the prisoner must exhaust all of his available administrative remedies before filing a § 1983 action in federal court. *Brown v. Toombs*, 139 F.3d 1102, 1103–04 (6th Cir.1998). The prisoner has the burden of demonstrating that he has exhausted these remedies. *Id.* at 1104. Although money damages may not be available through the prison grievance process, Reeder must still exhaust these remedies because the prison has an administrative system that will review his claims. *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir.1999); *Wyatt v. Leonard*, 193 F.3d 876, 878–79 (6th Cir.1999).

Reeder has not met his burden of demonstrating that he fully exhausted his administrative remedies as to this claim. Indeed, Reeder acknowledged that he "bypassed" the inmate grievance procedure, and instead chose to raise this matter with the deputy warden. Although Reeder has expressed some concern that other inmates serve on the grievance committee, KSR policy provides that those inmates are indeed bound by confidentiality requirements. In addition, contrary to Reeder's argument, only certain medical matters (i.e., matters pertaining to diagnosis and treatment) are non-grievable. KSR policy provides that other medical matters remain grievable.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.