**Paul PORTER, Plaintiff–Appellant,**

v.

**Harold SOICE, et al., Defendants–Appellees.**

No. 00–4493.

United States Court of Appeals, Sixth Circuit.

Nov. 30, 2001.

Before JONES, NELSON, and DAUGHTREY, Circuit Judges.

## ORDER

Paul Porter, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his amended civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In his amended complaint, Porter sued the placement director for the Ohio Department of Rehabilitation & Corrections (DRC) (Soice), the DRC's residential placement specialist (Thomas), the pro-

gram director for a halfway house run by the Volunteers of America of Toledo (Riordan), and John/Jane Doe program directors for other halfway houses under contract with the DRC. Porter alleged that the Ohio Adult Parole Authority authorized his transfer to a halfway house on November 15, 1999. However, on January 31, 2000, he was informed that four halfway houses under contract with the state of Ohio had denied his acceptance. Porter claimed that Soice and Thomas submitted false information to the halfway houses resulting in his rejection. He further alleged that all of the defendants conspired together to defraud the state and to discriminate against him by denying him transfer into a halfway house. Porter sought declaratory and injunctive relief as well as compensatory and punitive damages.

In an opinion and order filed on September 19 and entered on September 21, 2000, the district court summarily dismissed Porter's claims pursuant to 28 U.S.C. § 1915(e) as lacking an arguable basis in law. A separate judgment was entered the same day.

On appeal, Porter continues to argue that his due process and equal protection rights were violated when he was denied transfer to a halfway house without a hearing. In addition, he argues that the defendants failed to comply with established policies and procedures and that their actions defrauded the state.

■ This court reviews *de novo* a district court's dismissal of a suit under 28 U.S.C. § 1915(e)(2) as frivolous or for failure to state a claim upon which relief may be granted. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Section 1915(e)(2) requires a district court to screen cases at the moment of filing and to dismiss *sua sponte* those that are frivolous or fail to state a claim for relief. *Id.* at

612. A claim is considered to be frivolous if it lacks an arguable basis in law or fact *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). In determining whether the plaintiff fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all the well-pleaded factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Bibbo v. Dean Witter Reynolds, Inc.,* 151 F.3d 559, 561 (6th Cir. 1998).

■ Initially, we conclude that exhaustion of administrative remedies is not an issue in this case. The Prison Litigation Reform Act requires prisoners bringing actions concerning prison conditions to exhaust all available administrative remedies before bringing suit in federal court. 42 U.S.C. § 1997e(a); *Wyatt v. Leonard,* 193 F.3d 876, 877 (6th Cir.1999). Exhaustion need not be considered, however, where the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). Porter admitted in his original complaint that he did not file a grievance and he failed to attach copies of the letters he claims he did send to the Attorney General's office. See *Wyatt,* 193 F.3d at 878. Nonetheless, because Porter's complaint is frivolous or fails to state a claim upon which relief may be granted, his lack of exhaustion of administrative remedies need not be considered.

■ The district court did not err in finding that Porter has no constitutionally-protected liberty interest in being transferred to a halfway house. See *Asquith v. Dep't of Corr.,* 186 F.3d 407, 410–11 (3d Cir.1999); *Callender v. Sioux City Residential Treatment Facility,* 88 F.3d 666,

668 (8th Cir.1996); *Brennan v. Cunningham*, 813 F.2d 1, 5–6 (1st Cir.1987). Nor does he have a state-created liberty interest in such a transfer because remaining in prison rather than going to a halfway house does not impose " 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' " *Asquith*, 186 F.3d at 412 (quoting *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). Thus, the district court did not err in finding that Porter's due process claim has no basis in law.

Porter also, in a conclusory fashion, asserts that he is being denied equal protection, but fails to allege the elements of an equal protection claim. The Equal Protection Clause provides that "[n]o state shall ... deny to any person within its jurisdiction the equal protection of the laws." It is in essence "a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). Porter has failed to allege that he is a member of a suspect class, or state how he was treated differently from others similarly situated.

Finally, Porter complains that the defendants did not comply with state laws and administrative procedures in connection with the denial of his transfer. However, such alleged noncompliance fails to state a claim under § 1983. *Boswell v. Mayer*, 169 F.3d 384, 390 (6th Cir.1999).

Accordingly, the district court's judgment, entered on September 21, 2000, is affirmed.