**Eugene PARRA, Plaintiff–Appellant,**

v.

**Bob TAFT, Governor, et al., Defendants–Appellees.**

No. 01–3490.

United States Court of Appeals, Sixth Circuit.

Dec. 4, 2001.

Before KENNEDY, MOORE, and COLE, Circuit Judges.

*ORDER*

Eugene A. Parra, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Parra sued Ohio Governor Bob Taft, II, Ohio Department of Rehabilitation and Correction ("ODRC") Director Reginald Wilkinson, ODRC Medical Director Dr. Bruce Martin, ODRC Associate Medical Director Dr. Mendel, Allen Correctional Institution ("ACI") Doctor James Baker, ACI Health Care Administrator Nurse Christine Barkimer, ACI Chronic Care Nurse Hefner, and "John/Jane Does × 1000." The facts are adequately set forth in the district court's opinion and order and will not be repeated herein. Suffice it to say that Parra alleged that the defendants have been deliberately indifferent to his serious medical needs (Parra tested positive for tuberculosis), and have allowed overcrowded and unsanitary conditions to exist at ACI, in violation of the Eighth and Fourteenth Amendments. Parra sought declaratory, injunctive, and monetary relief. The district court dismissed the Eighth Amendment medical claim pursuant to 28 U.S.C. § 1915(e). The court dismissed the Eighth Amendment conditions of confinement claim, without prejudice and pursuant to 42 U.S.C. § 1997e, after concluding that Parra failed to exhaust his administrative remedies with respect to this claim. This timely appeal followed.

Upon de novo review, *see McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997) (28 U.S.C. § 1915(e) dismissals); *White v. McGinnis,* 131 F.3d 593, 595 (6th Cir.1997) (42 U.S.C. § 1997e dismissals), we affirm the judgment for the reasons stated by the district court in its opinion

and order filed April 9, 2001. The court dismissed Parra's complaint because he cited nothing in his complaint that rises to the level of an Eighth Amendment violation; rather, plaintiff disputes only the adequacy of the medical treatment afforded him. *See Westlake v. Lucas,* 537 F.2d 857, 860 n. 4 (6th Cir.1976). Further, it appears that Parra's Eighth Amendment conditions of confinement claim is subject to the exhaustion requirement, and plaintiff must pursue available administrative remedies before filing a civil rights action. *See Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1822–25, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard,* 193 F.3d 876, 878–79 (6th Cir.1999); *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.