Muhammad Thabit RASHAD,
Plaintiff–Appellant,

v.

Tom STEWART; B. McKinney, Officer;
Steven Hiland; Jim Barker; Belinda
Knight; Rhonda Deboies; W. Brant-
ley; F. Richardville; Helen Pratt;
Jack Wood; A. Cox; Ranney, Lt.;
Lamb, Sgt.; Sherry Stovall, Defen-
dants–Appellees.

No. 01–5487.

United States Court of Appeals,
Sixth Circuit.

Dec. 12, 2001.

**522**

Before MOORE and COLE, Circuit Judges; O'MEARA, District Judge.*

### ORDER

Muhammad Thabit Rashad, a Kentucky prisoner proceeding pro se, appeals a district court order and judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and declaratory relief, Rashad filed a complaint against the following officials employed at the Kentucky State Penitentiary, Rashad's former place of confinement: Correctional Officers Tom Stewart and B. McKinney; Steven Hiland, M.D.; Nurses Sherrie Stovall, Jim Barker, Belinda Knight, Rhonda De-Boies, and W. Brantley; Sergeants F. Richardville and Lamb; Lieutenants A. Cox and Ranney; Director of Nurses Helen Pratt; and Assistant Unit Administrator Jack Wood. Relying upon the Eighth Amendment, Rashad alleged that, on April 15, 1999, Stewart, McKinney, Richardville, and Cox used excessive force by handcuffing him too tightly and by driving erratically when transporting him to a court appearance. Rashad alleged that he suffered injuries to his wrists as a result of the handcuffing and erratic driving.

Rashad also alleged that Hiland, Stovall, Barker, Knight, and DeBoies denied him medical treatment for the alleged injuries that he received.

Upon screening the complaint pursuant to the provisions of 28 U.S.C. § 1915A, the district court dismissed defendants Pratt, Ranney, Lamb, and Wood from the action and dismissed a due process claim related to a disciplinary action taken against Rashad. Thereafter, the remaining defendants filed a motion for summary judgment, to which Rashad did not respond. A magistrate judge filed a report recommending that the defendants' motion be granted based upon Rashad's failure to exhaust his available administrative remedies. Over Rashad's objections, the district court adopted the magistrate judge's report and recommendation, granted the defendants' motion for summary judgment, and dismissed the complaint. Rashad has filed a timely appeal. He requests oral argument.

We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

The Prison Litigation Reform Act requires prisoners desiring to bring civil rights claims to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998). The prisoner bears the burden of establishing exhaustion of administrative remedies. *Brown*, 139 F.3d at 1104.

---

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

To establish exhaustion, the prisoner must allege that all available administrative remedies have been exhausted and should attach documentation to the complaint indicating the administrative disposition of any grievances that have been filed. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000); *Brown*, 139 F.3d at 1104. The exhaustion requirement applies even when the prisoner seeks monetary damages that may not be available through the grievance system, as long as the prison system has an administrative process that will review a prisoner's complaint. *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Knuckles El*, 215 F.3d at 642; *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir.1999).

Before the district court adjudicates any claim set forth in a prisoner's complaint, the court must determine whether the prisoner has complied with the exhaustion requirement. *Wyatt*, 193 F.3d at 879; *Brown*, 139 F.3d at 1104. When a prisoner has filed a civil rights complaint in federal court without first exhausting his administrative remedies, dismissal of the complaint is appropriate. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999); *Brown*, 139 F.3d at 1104.

Upon review, we conclude that the district court properly dismissed Rashad's complaint for failure to follow the mandatory exhaustion requirement. *See* 42 U.S.C. § 1997e(a); *Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104. Rashad did not meet his burden of demonstrating that he had exhausted his administrative remedies as to the claims raised in his complaint prior to filing suit in federal court. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104. Although the district court's order does not expressly so state, we note that the dismissal of Rash-

ad's complaint is without prejudice. *See Wyatt*, 193 F.3d at 879.

Accordingly, the request for oral argument is denied and the district court's order and judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.