George **WYATT**, Plaintiff–Appellant,

v.

Michael **LEONARD**; Geri **Mangas**; **Mario Marroquin**; Lt. **Pierce**; Burton L. **Cronk**; B.G. **Hummel**; C/O **Walters**, Defendants–Appellees,

Sgt. **Hefner**, et al., Defendants.

No. 98–4161.

United States Court of Appeals, Sixth Circuit.

Argued: Aug. 12, 1999

Decided and Filed: Oct. 6, 1999

---

COUNSEL ARGUED: Lisa T. Meeks, NEWMAN & MEEKS, Cincinnati, Ohio, for Appellant. Todd R. Marti, OFFICE OF THE ATTORNEY GENERAL, CORRECTIONS LITIGATION SECTION, Columbus, Ohio, for Appellees. ON BRIEF: Lisa T. Meeks, NEWMAN & MEEKS, Cincinnati, Ohio, for Appellant. Robert C. Angell, OFFICE OF THE ATTORNEY GENERAL, CORRECTIONS LITIGATION SECTION, Columbus, Ohio, for Appellees. OPINION

Before: MERRITT, KENNEDY, and DAUGHTREY, Circuit Judges

MERRITT, Circuit Judge.

It is undisputed that on August 24, 1995, while in segregation, plaintiff George Wyatt was raped by a fellow inmate. A year later he filed this § 1983 civil rights action against prison employees seeking damages for cruel and unusual punishment in violation of the Eighth Amendment. Specifically, plaintiff alleges that the defendant prison employees were deliberately indifferent to his safety when they placed him in a cell with a known sex offender and then provided inadequate medical and psychological care after the rape.

Plaintiff's suit was dismissed below for failure to exhaust intra-prison administrative remedies, as required by the Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e(a), the recently-enacted, mandatory requirement that prisoners exhaust "available" administrative remedies before coming to federal court.[1] The statute says literally that there shall be "no action brought" until whatever remedies are available are tried and exhausted.

Plaintiff's § 1983 case is for damages, and the principal question before us is whether prisoners must exhaust their administrative remedies in actions for

1. The new statute provides: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available shall be exhausted." (Emphasis added.)

damages in order to comply with the 1996 Act, even though the applicable intra-prison administrative process in Ohio does not allow recovery of damages as an "available" administrative remedy. For the reasons that follow we hold that prisoners must exhaust the prison's grievance procedures before filing suit in federal court even though the damages remedy sought is not an available remedy in the administrative process. We conclude in this case, however, that the plaintiff substantially complied with the new exhaustion requirement as a result of the numerous complaints he filed with prison officials and the contacts that he had with prison officials about the injury that he suffered. We therefore reverse and remand to the district court for adjudication on the merits of plaintiff's action.

The circuits are in some conflict on the issue of whether prisoners must exhaust under the 1996 Act if they seek monetary damages. Two circuits have held in *Bivens*-type actions by federal prisoners that exhaustion in money damages cases is unnecessary because federal prison regulations do not allow for administrative review at all if the federal prisoner seeks damages. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir.1998); *Garrett v. Hawk*, 127 F.3d 1263 (10th Cir.1997). On the other hand, the Eleventh Circuit has held that even where the federal prison system denies review in such money damages cases, the federal prisoner must still attempt to have his complaint reviewed. *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir.1998). Although it makes sense to excuse exhaustion of the prisoner's complaint where the prison system has a flat rule declining jurisdiction over such cases, it does not make sense to excuse the failure to exhaust when the prison system will hear the case and attempt to correct legitimate complaints by providing some remedy, even though it will not pay damages. In *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532 (7th Cir.1999), the Seventh Circuit made this distinction in a state prisoner medical case. It held a prisoner

must exhaust in a money damages case unless administrative action could provide no remedy of any kind.

In *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied,* —— U.S. ——, 119 S.Ct. 88, 142 L.Ed.2d 69 (1998), we held that "prisoners filing § 1983 cases involving prison conditions must allege and show that they have exhausted all available state administrative remedies. A prisoner should attach to his § 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint." In the present case the prisoner has attempted to show that he has exhausted the Ohio prison's administrative process.

So long as the prison system has an administrative process that will review a prisoner's complaint even when the prisoner seeks monetary damages, the prisoner must exhaust his prison remedies. The prisoner must do so for the following three reasons:

1. Prisoners could easily avoid the administrative process in prison condition cases by the simple expedient of asking for damages, a loophole the 1996 Act does not appear to allow. A purpose of the Act was to insure that prisons have notice of complaints and are given the opportunity to respond to prisoner complaints, particularly legitimate complaints, so that such injuries are prevented in the future.

2. The 1996 Act is designed to deter frivolous lawsuits and this purpose would be undermined if prisoners could avoid the law by simply asking for monetary damages.

3. In *Brown v. Toombs* we required the prisoner to file with his § 1983 complaint a copy of the administrative decision. Such administrative review, along with a record of the administrative decision, is helpful to federal courts in weeding out the frivolous prisoner cases from the ones that may have merit so that they can concentrate on the latter.

Courts will "conserve time and effort as a result of any factfinding" during the administrative process, as the Eleventh Circuit observed in *Alexander.* 159 F.3d at 1328.

Hence, in light of these reasons and the literal language of the statute (no action may be brought until "such administrative remedies as are available" are tried), we hold that prisoners must exhaust administrative remedies even in money damages cases if the prison system does not altogether refuse to review the prisoner's allegations on which the claim is based.

■ Plaintiff's second argument is that this Court may, in the exercise of its equitable powers, grant plaintiff the requested relief because the exhaustion requirement is not jurisdictional and therefore his efforts to contact prison officials should be found sufficient to satisfy the exhaustion requirement. First, we wish briefly to address the jurisdictional question raised by plaintiff as it has caused some confusion within courts in our own circuit. As explained above, the exhaustion requirement is now a necessary prerequisite to filing prisoner claims in federal court, and the district court no longer has the discretion to "waive" exhaustion as it did before passage of the 1996 Act. *E.g., Brown v. Toombs,* 139 F.3d at 1104; *Alexander v. Hawk,* 159 F.3d at 1325. However, as we have previously held, the exhaustion provision is not jurisdictional. *Tucker v. McAninch,* 162 F.3d 1162 (6th Cir. 1998) ("While the provisions of § 1997e(a) are mandatory, the statute does not deprive the district court of subject matter jurisdiction, but merely directs dismissal of a complaint for lack of exhaustion."). *Accord Perez v. Wisconsin Dep't of Corrections,* 182 F.3d 532, 535 (7th Cir.1999); *Basham v. Uphoff,* 1998 WL 847689 at *3 (10th Cir. Dec.8, 1998). *But see Morgan v. Arizona Dep't of Corrections,* 976 F.Supp. 892, 895 (D.Ariz.1997) (explaining rationale for find-

ing exhaustion requirement to be jurisdictional). The exhaustion requirement in the 1996 Act governs the *timing* of a federal action by a prisoner, not whether the court has the *power* to hear the suit. But as this Court has already indicated in *Wright v. Morris,* 111 F.3d 414, 420 (6th Cir.), *cert. denied,* 522 U.S. 906, 118 S.Ct. 263, 139 L.Ed.2d 190 (1997), that does not mean that the requirement is not mandatory.

To be sure, § 1997e(a), as amended by the 1996 Act, has certain jurisdictional characteristics. Chief among them is that it is now incumbent upon the district court to assure that the exhaustion requirement has been substantially met before proceeding to the merits of any prisoner claims. If the exhaustion requirement has not been substantially met, the federal case should be dismissed without prejudice. Although certain limited exceptions may arise, particularly in this initial phase of the new requirement, those cases will be rare.

Because the exhaustion requirement is not jurisdictional, district courts have some discretion in determining compliance with the statute. Plaintiff in this case falls into a limited category of prisoner cases in which the events giving rise to the claim occurred before the effective date of the statute. This Court has held that, even where a complaint is filed in federal court after the effective date of the 1996 Act, the exhaustion requirement does not apply when the inmate's ability to exhaust for the event that gave rise to the action expired before enactment of the 1996 Act. *Bibbs v. Zummer,* 173 F.3d 428 (6th Cir. 1999). The holding in *Bibbs* is applicable to this case because the event that gave rise to the § 1983 action, the rape of plaintiff by a fellow inmate, occurred on August 24, 1995. The entire 90–day process for prisoner grievances allowed under the Ohio Administrative Code[2] expired on or

---

**2.** The grievance process from initiation to final disposition shall not exceed 90 days, unless the inmate agrees in writing to an exten-

sion for a fixed period. Ohio Admin. Code § 5120–9–31(H)(8).

about November 22, 1995, well before passage of the Act on April 26, 1996. Therefore plaintiff was already time-barred from exhausting his administrative remedies at the time of the enactment of the 1996 Act. This fact has been made clear by the denial of plaintiff's appeal to the Chief Inspector on the ground of untimeliness. Decision of the Chief Inspector on a Grievance Appeal, dated June 15, 1998 (J.A. at 287).

Under these circumstances, we believe that plaintiff has substantially complied with the exhaustion requirement. The plaintiff's correspondence reflects a good faith attempt to reach the appropriate prison official. For example, plaintiff submitted correspondence to prison officials concerning (1) what charges were to be brought against the inmate who raped him; (2) the HIV status of the inmate who raped him; (3) the lack of psychological counseling in the aftermath of the rape; and (4) his classification status for transfers and job placements. The complaint he filed in federal court states that he received inappropriate medical and psychological treatment following the rape, that his concerns about HIV went unaddressed and that he received an inappropriate cell placement and work assignment in light of emotional trauma he was suffering after the rape.

Although plaintiff's own list of contacts with prison officials, which he submitted to the district court, makes clear that plaintiff did not follow precisely the requisite procedures for bringing his complaint to the attention of the appropriate person, he has substantially complied with the exhaustion requirement by giving written notice on several occasions to prison officials. *See Bishop v. Lewis*, 155 F.3d 1094 (9th Cir. 1998) (prisoner substantially complied with court's order to exhaust grievance procedure). Failure to complete the grievance process by submitting formal complaints on a standardized form was neither wilful nor unreasonable under the circumstances. Each of his informal writings appears to have been answered by a prison official and even though plaintiff did not follow the prison's grievance procedures by filing a formal document with the prison until after directed to do so by the district court, the prison officials were aware of his complaints and responded to them. In light of the fact that § 1997e(a) was not yet law when the rape occurred or the complaints were made, the notice given by plaintiff was sufficient to satisfy the exhaustion requirement.

For the foregoing reasons, we reverse the judgment of the district court and remand for reinstatement of plaintiff's complaint and adjudication on the merits.