**Dan'eyl FISH, Plaintiff–Appellant,**

v.

**Doug SAPP, et al., Defendants–Appellees.**

**No. 99–6665.**

United States Court of Appeals, Sixth Circuit.

Jan. 29, 2001.

Before WELLFORD, RYAN and SUHRHEINRICH, Circuit Judges.

PER CURIAM.

Plaintiff Dan'eyl Fish, a prison inmate, appeals from the order of the district court granting summary judgment to Defendant Doug Sapp, the Commissioner of the Kentucky Department of Corrections, and various other correction officials in this § 1983 action.

I.

Fish resided as an inmate at the Western Kentucky Correctional Complex ("WKCC") from November 24, 1997 until September 22, 1999, when he was administratively transferred to another Kentucky state prison. In his complaint filed on April 20, 1999, Plaintiff alleged that he had been improperly denied meritorious good time credit because he refused to attend a sex offender program offered by the prison. Fish also claimed that his constitutional rights were violated because inmates at WKCC (1) do not receive adequate protection from the weather while waiting in the "pill call line"; (2) suffer from overcrowding and excessive noise in the living units; (3) are subjected to poor ventilation; (4) are required to live in a wood building which is a fire hazard; (5) are exposed to lead joints in the plumbing; (6) are exposed to three state-owned hog houses near the institution which emit offensive and dangerous orders; and (7) live under high power lines above ground rather than underground. (J.A. 11–12). Plaintiff sought both monetary and injunctive relief. (J.A. 14).

Defendant Sapp is the Commissioner of the Kentucky Department of Corrections, and is responsible for overseeing the protection and management of Kentucky's state prisoners. Sapp delegated the management of the WKCC to its Warden,

Defendant Dave Watson. Fish also sued Watson, Becky Pancake, an employee at WKCC, and Donna Dinsmore, a caseworker.

After conducting an initial screening of the case pursuant to 28 U.S.C. § 1915A, the district court dismissed Fish's claim regarding the denial of good time credit and allowed his claims regarding conditions of confinement to proceed. Defendants filed a motion for summary judgment, to which Fish responded. The district court granted summary judgment to Defendants on November 24, 1999 and dismissed the case. Fish has filed a timely appeal.

## II.

We review the district court's grant of summary judgment *de novo*. *See Hanover Ins. Co. v. Am. Eng. Co.*, 33 F.3d 727, 730 (6th Cir.1994). Summary judgment is proper if, when viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

■■■ Initially, we must address an issue not raised by the parties. *See Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998) (per curiam) (stating that "[d]istrict courts should enforce the exhaustion requirement *sua sponte* if not raised by the defendant"). Pursuant to 42 U.S.C. § 1997e(a), a prisoner is required to exhaust all available administrative remedies before filing a civil rights action challenging his conditions of confinement. *See Wyatt v. Leonard*, 193 F.3d 876, 878–79

(6th Cir.1999); *Brown*, 139 F.3d at 1103–04. Otherwise, the district court is required to dismiss the complaint without prejudice. *See Brown*, 139 F.3d at 1104. The prisoner bears the burden of demonstrating exhaustion. *See id.* To establish exhaustion, the prisoner must allege that all available remedies have been exhausted and he should attach documentation demonstrating the administrative disposition of his claim. *See id.*

■■■ Fish has failed to meet his burden. In his complaint, Fish stated that he "filed a grievance on 1/29/99 and appealed all the way to the commissioner." but obtained "[n]o relief" (J.A. 9). Attached to his complaint, Fish submitted a copy of a letter addressed to him from the assistant branch manager of the Offender Information Services (J.A. 15). The letter refers to Fish's sentence and is in apparent response to a letter Fish wrote to Sapp concerning his good time credits. Fish has failed to provide any documentation, however, showing that he exhausted any of his conditions of confinement claims. Nor is there any indication in the record that exhaustion would have been futile or that Fish was somehow prevented from pursuing his administrative remedies. Fish's complaint was filed on April 20, 1999. He was not transferred until September 22, 1999. As noted, he was required to exhaust before filing his complaint.

Because § 1997e contains a clear statutory command requiring prisoners to exhaust all administrative remedies prior to filing suit in federal court, Fish's complaint should have been dismissed without prejudice for failure to follow the mandatory exhaustion requirement. *See* 42 U.S.C. § 1997e(a); *Brown*, 139 F.3d at 1104.[1]

1. Defendant indicates in his appeal brief that Fish was administratively transferred on September 22, 1999, and Fish's pro se brief is signed from the "Eastern Ky. Corr. Complex." Because Fish has been transferred to a different facility, his claim for injunctive

Accordingly, the district court's order is VACATED and this case is REMANDED with instructions to dismiss the case without prejudice for failure to exhaust available administrative remedies.

relief is moot. *See Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir.1996).