**William A. SWENSON, Jr.,**
**Plaintiff–Appellant,**

v.

**Bill MARTIN, Director, Defendant–**
**Appellee.**

No. 00–1900.

United States Court of Appeals,
Sixth Circuit.

Aug. 3, 2001.

Before BOGGS, DAUGHTREY, and

FARRIS,* Circuit Judges.

## ORDER

William A. Swenson, Jr., a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory and injunctive relief, Swenson sued Bill Martin, the director of the Michigan Department of Corrections, contending that he had been subjected to random strip searches for the illegitimate reasons of harassment and retaliation. The district court dismissed the complaint for failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a).

In his timely appeal, Swenson admits that he did not exhaust his available administrative remedies. However, since he sought a preliminary injunction, Swenson states that he needed expedited relief. Further, Swenson states that the district court's respondeat superior analysis was incorrect. Swenson feels that his complaint should have been liberally construed and that the personal involvement of a defendant is required in a case only when monetary damages are sought. Swenson has requested injunctive relief from this court.

The district court's judgment is reviewed de novo. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

Upon review, we conclude that the district court properly dismissed Swenson's complaint under 28 U.S.C. § 1915A. As the district court noted, Swenson did not exhaust his claims through the prison's administrative process. Prisoners desiring to bring civil rights claims must exhaust all available administrative remedies. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 531 U.S. 956, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). The prisoner bears the burden of establishing exhaustion of available administrative remedies. *See Brown,* 139 F.3d at 1104. To establish exhaustion, the prisoner must allege that all available administrative remedies have been exhausted and he should attach documentation to the complaint indicating the administrative disposition of any grievances that he filed. *Id.* When a prisoner has filed a civil rights complaint without first exhausting his administrative remedies, a dismissal of the complaint is appropriate. *See Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999); *Brown,* 139 F.3d at 1104.

It is undisputed that Swenson did not exhaust his administrative remedies prior to filing this suit. Swenson claims that he did not exhaust his available administrative remedies as he needed expedited relief. However, when a prisoner has an administrative process that will review a complaint, the prisoner must exhaust the process. *Booth,* 121 S.Ct. at 1825; *Wyatt v. Leonard,* 193 F.3d 876, 878 (6th Cir. 1999). As Swenson did not exhaust his available administrative remedies, the district court did not err in dismissing the complaint.

Accordingly, we deny the request for injunctive relief and affirm the district

---

* The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

court's judgment.  Rule 34(j)(2)(C), Rules
of the Sixth Circuit.