Cyrus L. **MANN,** Plaintiff–Appellant,

v.

Ruo **WEBER,** et al., Defendants–Appellees.

No. 00–1984.

United States Court of Appeals, Sixth Circuit.

Aug. 10, 2001.

Before MOORE and COLE, Circuit Judges; FORESTER, District Judge.*

Cyrus L. Mann, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Mann is currently incarcerated in the Riverside Correctional Facility; however, the events giving rise to this complaint occurred while Mann was incarcerated in the Carson City Correctional Facility. Mann sues the following employees of Carson City: Resident Unit Officer ("RUO") Weber, Inspector Corr and Inspector Rockerfellow. In his pro se complaint, Mann alleges that after he filed a grievance against Assistant Resident Unit Supervisor ("ARUS") Nicholson on December 13, 1999, several officers engaged in a campaign of harassment against him. Mann alleges further that on December 23, 1999, he received a false major misconduct ticket from Officer Nicholson for insolence,

and one from Officer Gehoski for violation of posted rules. On December 27, 1999, Gehoski allegedly wrote another false major misconduct against Mann for disobeying a direct order. Less than a month later, after Mann had been moved to D-unit, Mann allegedly received false misconduct tickets from RUO Buskirk for disobeying a direct order and interference with the administration of prison rules. Mann does not include as defendants in this action any of the officers who wrote the alleged false misconducts.

On January 30, 2000, Mann moved to C-unit and wrote a grievance against RUO Weber for violating certain rules in the employee handbook. According to Mann, RUO Weber became very hostile toward Mann after Weber received notice of the grievance filed against him by Mann. On at least one occasion, Weber allegedly woke Mann out of his sleep by slapping Weber's clip board against Mann's bed, and then provoked Mann by saying, "What do you want to do about it." On March 22, 2000, Weber allegedly entered Mann's cell at 3:00 a.m. and assaulted Mann by lifting the bed and causing Mann to fall on the floor. Mann claims that he injured himself in the fall, but his initial request to see a nurse and the shift commander were denied by Weber and RUO Baker. However, Mann was later seen in Health Services regarding the undisclosed injury. Mann seeks monetary relief. The district court dismissed the complaint, without prejudice, pursuant to 42 U.S.C. § 1997e(a) because Mann had not exhausted his administrative remedies. This timely appeal followed.

■ Upon review, we conclude that the district court properly dismissed Mann's case because he did not exhaust his available administrative remedies. Under 42

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

U.S.C. § 1997e(a), a prisoner must exhaust all of his available administrative remedies before filing a § 1983 action in federal court, *see Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *See id.* at 1104. Although money damages may not be available through the prison grievance process, Mann must still exhaust these remedies because the prison has an administrative system that will review his claims. *See Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Freeman v. Francis,* 196 F.3d 641, 643 (6th Cir.1999); *Wyatt v. Leonard,* 193 F.3d 876, 878–79 (6th Cir.1999). Section 1997e(a) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he can not exhaust these remedies during the pendency of the action. *See Freeman,* 196 F.3d at 645. Further, the prisoner can not abandon the process before completion and claim that he exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations. *See Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims. *See Wyatt,* 193 F.3d at 878; *Brown,* 139 F.3d at 1104.

Plaintiff has not met his burden of demonstrating that he exhausted all of his available administrative remedies regarding his claims against the Carson City defendants for the reasons stated by the district court in its opinion filed August 10, 2000.

■ Finally, Mann offers exhibits in this court purporting to demonstrate that he exhausted his administrative remedies. However, these documents were not before the district court and are not part of the record reviewable by this court. *See* Fed. R.App. P. 10(a). If Mann has exhausted his administrative remedies, he can indeed refile his complaint on the grounds stated therein.

Accordingly, the district court's judgment dismissing Mann's complaint, without prejudice, for failure to exhaust administrative remedies, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.