**Troy Allen HITE, Plaintiff–Appellant,**

v.

**Robert E. KIMMERLY, et al., Defendants–Appellees.**

No. 01–1086.

United States Court of Appeals, Sixth Circuit.

Nov. 6, 2001.

Before SUHRHEINRICH and COLE, Circuit Judges; COLLIER, District Judge.*

Troy Allen Hite, a Michigan prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Hite filed his civil rights complaint against thirteen Berrien County Jail officials and employees. Hite's complaint concerned conditions of confinement while he was a pre-trial detainee at the jail and the actions of various officers during the period from an October 1, 1996, escape attempt until November 19, 1996, when Hite was moved from an observation cell to cellblock 1K at the jail. Hite sought declaratory, injunctive and monetary relief.

The defendants filed a motion for summary judgment and Hite filed a motion for partial summary judgment. On September 11, 2000, the district court granted the defendants' motion for summary judgment to the extent that it sought dismissal for Hite's failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). On October 2, 2000, Hite filed a motion for reconsideration which the district court construed as a motion under Fed.R.Civ.P. 60(b) as the motion was filed more than ten days after the court's order of dismissal. Reconsideration was denied in an opinion and order filed January 2, 2001. The order was entered January 11, 2001. This appeal followed.

Initially, we note that in an order filed April 17, 2001, this court ruled that the Rule 60(b) motion tolled the appeal period. *See Hite v. Kimmerly,* No. 01–1086 (6th Cir. Apr. 17, 2001). Therefore, the underlying judgment is properly before this court.

Upon de novo review, we conclude that summary judgment was proper for the reasons stated by the district court. *See Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000). Hite has not met his burden of demonstrating that he exhausted all of his available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Free-*

---

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

*man v. Francis,* 196 F.3d 641, 643 (6th Cir.1999); *Wyatt v. Leonard,* 193 F.3d 876, 878–79 (6th Cir.1999); *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.