**Bobby MAC BERRY, Plaintiff–Appellant,**

v.

**Maryellen THOMS, Warden; Donald D. Scott; D. Logan, Defendants–Appellees.**

No. 01–5698.

United States Court of Appeals,
Sixth Circuit.

Dec. 3, 2001.

Before GUY and BOGGS, Circuit Judges; CARR, District Judge.*

### ORDER

Bobby Mac Berry appeals a district court judgment that dismissed his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Berry filed his complaint in the district court alleging that, despite the fact that the defendant federal prison officials were aware of a potential for serious harm to plaintiff from another inmate, plaintiff was beaten by the other inmate with a broom handle. Plaintiff sought $1,000,000 and a prison policy to require prison officials to protect inmates. Defendants moved to dismiss the complaint, and plaintiff responded in opposition. The district court granted defendants' motion and dismissed the complaint for failure to exhaust available administrative remedies, and plaintiff filed a timely notice of appeal.

On appeal, plaintiff contends that he did not pursue administrative remedies because: (1) inmates are encouraged to informally pursue resolution of grievances; (2) money damages are not available through the administrative process; and (3) an agent of the Federal Bureau of Investigation advised him not to discuss the assault. Defendants respond that the district court properly dismissed plaintiff's complaint.

Upon de novo review, *see White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997), we affirm the judgment for the reasons stated by the district court in its memorandum opinion and order filed May 30, 2001. Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a civil rights action concerning conditions of confinement. *See Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1822–25, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard,* 193 F.3d 876, 878–79 (6th Cir.1999); *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998). Here, plaintiff clearly did not exhaust those remedies, and he has shown nothing that excuses the requirement.

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.