**Julius S. WATLER, Plaintiff–Appellant,**

v.

**Donal CAMPBELL, Defendant–Appellee.**

No. 01–5646.

United States Court of Appeals, Sixth Circuit.

April 1, 2002.

Before SILER and GILMAN, Circuit Judges; and HEYBURN, District Judge.*

## ORDER

Julius S. Watler, a pro se Tennessee prisoner, appeals a district court judgment dismissing his 42 U.S.C. § 1983 civil rights action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In a complaint dated August 22, 1996, Watler initially asserted that Tennessee Department of Corrections (TDOC) Commissioner Donal Campbell and two other prison officials (Holland and Wigtion) violated the Religious Freedom Restoration Act and federal case law by denying him Kosher food. Holland and Wigtion were later dismissed from the lawsuit by the consent of both parties. A magistrate judge recommended granting summary judgment to Campbell, reasoning that TDOC's dietary policy, which included an alternate entree program, satisfied the test set forth in *Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Upon consideration of the report and Watler's objections, the district court adopted the report with regard to the magistrate judge's conclusion that TDOC did not have a constitutional obligation to provide meat as part of a Kosher diet, but rejected the remainder of the report and ordered the magistrate judge to hold an evidentiary hearing. The magistrate judge did so and

---

* The Honorable John G. Heyburn II, United States Chief District Judge for the Western District of Kentucky, sitting by designation.

again concluded that TDOC policy did not violate *Turner*. On March 26, 2001, the district court adopted the magistrate judge's report after de novo review and over Watler's objections.

Watler has filed a timely appeal and essentially reasserts his claim. He also requests that the court apply the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc.

 Upon review, we conclude that the district court should have sua sponte dismissed the complaint without prejudice for lack of exhaustion. The Prison Litigation Reform Act of 1995 requires prisoners to exhaust all available administrative remedies before filing federal lawsuits challenging prison conditions. *See* 42 U.S.C. § 1997e(a); *Wyatt v. Leonard*, 193 F.3d 876, 877 (6th Cir.1999); *Wright v. Morris*, 111 F.3d 414, 417 (6th Cir.1997). The prisoner must allege and demonstrate that he has exhausted all available administrative remedies and should attach the decision containing the administrative disposition of his grievance to the complaint. *Wyatt*, 193 F.3d at 878; *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998). The district court may not adjudicate an unexhausted claim and must enforce the requirement sua sponte if not raised by the defendant. *Brown*, 139 F.3d at 1104. Likewise, the court of appeals may not decide the merits of any case unless the exhaustion requirement has been satisfied. *Id.*

A Tennessee prisoner's administrative remedies are set forth in TDOC Policy No. 501.01, which lays out a three-level grievance procedure. At the first level, the prisoner generally is required to file a grievance with the grievance committee chairperson within seven calendar days of the disputed occurrence. The chairperson reviews the grievance and obtains a written response from the supervisor of the

prison employee or department that is involved. The chairperson then prepares a written response to the grievance that is provided to the inmate. If the prisoner is dissatisfied with the response at the first level, the prisoner may continue to pursue the grievance through two additional levels. The second level is an appeal to the warden, and the third level is an appeal to the Assistant Commissioner of Institutional Support Services and Programs.

Watler has generally alleged that he went through the grievance procedure. However, Watler did not attach copies of any grievance or administrative decision. A copy of the administrative decision is required because it

> is helpful to federal courts in weeding out the frivolous prisoner cases from the ones that may have merit so that they can concentrate on the latter. Courts will "conserve time and effort as a result of any factfinding" during the administrative process....

*Wyatt*, 193 F.3d at 879 (quoting *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998)). Furthermore, without any documentation, it cannot be ascertained that the substance of Watler's complaint was the same as that of the grievance or that Watler followed the proper grievance procedure. Thus, Watler has failed to demonstrate the exhaustion of his administrative remedies.

Accordingly, the district court's judgment is vacated and the action is remanded so that the district court may dismiss the complaint without prejudice for lack of exhaustion. Rule 34(j)(2)(C), Rules of the Sixth Circuit.