**Donald L. LINDEMAN, Plaintiff–Appellant,**

v.

**R. BORDENKURCHER, Defendant–Appellee.**

No. 01–3791.

United States Court of Appeals, Sixth Circuit.

May 15, 2002.

Before GUY and BATCHELDER, Circuit Judges; COHN, District Judge.*

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

## ORDER

Pro se Ohio prisoner Donald L. Lindeman appeals a district court judgment that dismissed his 42 U.S.C. § 1983 suit, without prejudice, for failure to exhaust administrative remedies. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, Lindeman sued a prison guard who he claimed filed a false disciplinary report against him. In his complaint, Lindeman stated that he had not pursued any prison administrative remedies because he could not win a money judgment through their use.

The district court dismissed the suit without prejudice, noting that Lindeman conceded that he not pursued any administrative remedy available to him.

In his timely appeal, Lindeman argues that he is not required to exhaust administrative remedies because he cannot win a money judgment through the process. The defendant has not filed a brief.

We review de novo the district court's dismissal of a civil rights action for failure to exhaust administrative remedies. *Curry v. Scott*, 249 F.3d 493, 503 (6th Cir. 2001).

The district court properly dismissed the complaint without prejudice for lack of exhaustion. The Prison Litigation Reform Act of 1995 requires a prisoner to exhaust all available administrative remedies before filing federal lawsuits challenging prison conditions, even if the prisoner is seeking monetary damages. 42 U.S.C.

§ 1997e(a); *Booth v. Churner,* 532 U.S. 731, 740, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard,* 193 F.3d 876, 877 (6th Cir.1999); *Wright v. Morris,* 111 F.3d 414, 417 (6th Cir.1997).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.