**Onelio ALMEIDA, Plaintiff–Appellant,**

v.

**Christopher YANAI, Warden, et al., Defendants–Appellees.**

No. 02–3112.

United States Court of Appeals, Sixth Circuit.

Sept. 16, 2002.

Before NORRIS and CLAY, Circuit Judges; O'MEARA, District Judge.*

### ORDER

Onelio Almeida, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, a declaratory judgment, and injunctive relief, Almeida sued Oakwood Correctional Facility Warden Chris Yanai, Institution Investigator S.L. Rodney–Kahle, Major McNamara, Corrections Officer Ruby P. Carter, Wardens Investigator Mr. Fransico, Unit Manager Pat Shepard, and "John/Jane Does (x15)."

Almeida claimed that he was subjected to unwanted sexual advances by defendant Carter, that he reported the advances to "the administration," that he was coerced into participating in an investigation of defendant Carter's alleged misconduct,

---

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

and that the defendants retaliated against him for exercising his right to be free from defendant Carter's unwanted attention by removing him from his prison job and transferring him to another prison. Almeida contended that the defendants violated his First, Eighth, and Fourteenth Amendment rights. The district court concluded that Almeida had not exhausted his administrative remedies prior to filing suit and dismissed the case without prejudice.

Upon review, we conclude that the district court properly dismissed Almeida's case because he did not exhaust his available administrative remedies. Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all of his available administrative remedies before filing a § 1983 action in federal court, *see Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *See id.* at 1104. Although money damages may not be available through the prison grievance process, Almeida must still exhaust these remedies because the prison has an administrative system that will review his claims. *See Freeman v. Francis,* 196 F.3d 641, 643 (6th Cir.1999); *Wyatt v. Leonard,* 193 F.3d 876, 878–79 (6th Cir.1999). Section 1997e(a) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. *Freeman,* 196 F.3d at 645. Further, the prisoner cannot "abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims. *Wyatt,* 193 F.3d at 878; *Brown,* 139 F.3d at 1104.

Almeida has not met his burden of demonstrating that he exhausted all of his available administrative remedies. In his complaint, Almeida attached a copy of a grievance addressed to the Ohio Department of Rehabilitation and Correction Chief Inspector. In that grievance, Almeida stated that he was filing a grievance against Oakwood Correctional Institution, the warden, institutional inspector, and all staff members who have intimidated him, abused him, and coerced him into cooperating with an investigation of defendant Ruby Carter. In response, the chief inspector indicated that Almeida's grievance was filed nearly one year after his transfer to another prison and had not been presented through the inmate grievance procedures at the institution level. Ohio's Department of Rehabilitation and Corrections Policy 203–01 requires that grievances be filed within thirty days of the event giving rise to the complaint and pursued through the inmate grievance procedures at the institutional level first. Consequently, Almeida clearly did not exhaust all of his available administrative remedies before filing a § 1983 action in federal court, *see Brown,* 139 F.3d at 1103–04, as is required by § 1997e(a). *See Freeman,* 196 F.3d at 645. Therefore, he has not demonstrated that he attempted to fully exhaust his administrative remedies prior to filing suit.

Accordingly, we hereby affirm the district court's judgment. See Rule 34(j)(2)(C), Rules of the Sixth Circuit.