**James A. ATMAN, Plaintiff–Appellant,**

v.

**Tim HUTCHISON; Shelly Sherill; Chief Bowers; John Doe, # 1; John Doe, # 2; Officer Bailey; Donna R. Ogle; Benny Bailey; Charles Bowers, Defendants–Appellees.**

No. 02–5676.

United States Court of Appeals, Sixth Circuit.

Jan. 27, 2003.

Before BATCHELDER, MOORE, and CLAY, Circuit Judges.

*ORDER*

James A. Atman, a pro se federal prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

While housed at Knox County Detention Facility as a federal pre-trial detainee, Atman filed suit against several officials at the jail on January 12, 1998, asserting that: 1) jail employees had denied him access to the courts by interfering with his legal mail and by failing to release his legal papers to his attorney; 2) he had been physically abused; and 3) false charges had been brought against him. The district court sua sponte dismissed the complaint as frivolous and for failure to state a claim. On appeal, this court affirmed the dismissal of the second and third claims, as they had been abandoned on appeal, but vacated the district court's judgment as to the dismissal of the first claim. *See Atman v. Hutchison,* No. 98–5248, 1999 WL 196519 (6th Cir. Mar.22, 1999) (unpublished). This court reasoned that the denial of access to the courts claim had an arguable basis in law.

On remand and after service on the defendants, the district court dismissed every defendant except for Donna Rickman Ogle, the officer in charge of the mailroom. Atman responded by filing a motion to recuse, arguing that the dismissal of the defendants and the judge's rulings in prior

cases showed that the judge was biased. The district court found the allegation of bias to be inadequate and denied the motion. After the district court denied Atman's subsequent motion for a jury trial as untimely, Atman filed a second motion to recuse and also a motion for a change in venue. The district court delayed ruling on the motions, while it considered a motion for summary judgment filed by Ogle. Ogle argued, inter alia, that the action was time-barred by Tennessee's one year statute of limitations. The district court determined that the limitations period had in fact expired, granted summary judgment in favor of Ogle, and denied Atman's motions to recuse and for a change in venue.

On appeal, Atman reasserts his claim of interference with legal mail and argues that the deprivation of his property, i.e., his legal records, was not addressed and that the limitations period had not run. Furthermore, he contends that the orders denying recusal and a change of venue were erroneous. He raises allegations of conspiracy, retaliation, and suppression of exculpatory evidence for the first time, and he states that he had no access to Tennessee civil rules in the jail or the federal prison. Atman moves for the appointment of counsel.

This court's review of a grant of summary judgment is de novo; it uses the same test as used by the district court. *Harrow Prods., Inc. v. Liberty Mut. Ins. Co.,* 64 F.3d 1015, 1019 (6th Cir.1995).

As an initial matter, we decline to review Atman's allegations of conspiracy, retaliation, and suppression of exculpatory evidence because he did not raise them below and no exceptional circumstances are present which warrant review. *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 261 (6th Cir.1996).

Upon review of the first claim, we conclude that the district court's judgment should be vacated for lack of exhaustion. The Prison Litigation Reform Act of 1995 requires a prisoner or pre-trial detainee to exhaust all available administrative remedies before filing federal lawsuits challenging prison conditions, even if the prisoner is seeking monetary damages. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard,* 193 F.3d 876, 877 (6th Cir.1999); *Wright v. Morris,* 111 F.3d 414, 417 (6th Cir.1997). Federal courts may enforce the exhaustion requirement sua sponte and generally may not adjudicate any claim which has not been exhausted. *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). Accordingly, this court will not "process or decide the merits of any case on appeal that does not comply with the statute." *Id.* In that event, the appeal should be dismissed without prejudice for failure to exhaust. *Id.* However, where a claim is frivolous or fails to state a claim upon which relief can be granted, the court may dismiss the underlying claim although the administrative remedies have not been exhausted. *See* 42 U.S.C. § 1997e(c)(2); *Brown,* 139 F.3d at 1103–04.

Atman does not allege that he exhausted his administrative remedies at the jail before he filed the instant complaint. The exception to the exhaustion requirement for complaints which are frivolous or fail to state a claim does not apply in this case because this court previously determined that the district court had erred in its original order by dismissing the first claim as frivolous and for failure to state a claim. Thus, the action must be remanded for dismissal of the first claim without prejudice.

We further conclude that the district judge did not abuse his discretion by failing to recuse himself. All of Atman's allegations referred to the judge's partic-

ipation in court proceedings and do not support recusal. *See United States v. Sammons,* 918 F.2d 592, 598–99 (6th Cir. 1990).

We decline to address Atman's remaining arguments on appeal.

Accordingly, all pending motions are denied, the district court's judgment is vacated as to the dismissal of the first claim, the district court's judgment is otherwise affirmed, and the action is remanded for dismissal of the first claim without prejudice. Rule 34(j)(2)(C), Rules of the Sixth Circuit.