Wade HALL, Jr., Plaintiff–Appellant,

v.

Rodney BALLARD, Colonel; Terry Carl, Kenton County Jailer; Jeannie Blaine, Defendants–Appellees.

No. 02–5810.

United States Court of Appeals, Sixth Circuit.

March 4, 2003.

Before MOORE and GIBBONS, Circuit Judges; and COHN, District Judge.*

## *ORDER*

Wade Hall, Jr., appeals a district court judgment that dismissed his civil rights complaint filed under 42 U.S.C. § 1983 for failure to exhaust administrative remedies. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

argument is not needed. Fed. R.App. P. 34(a).

Hall filed his complaint in the United States District Court for the Western District of Kentucky alleging that the defendant Colonel Ballard, who is employed at the Kenton County Jail, violated his constitutional rights when he went beyond normal procedure to open, search, read, and hold his incoming mail while Hall was incarcerated in that facility in 2001. The case was transferred to the United States District Court for the Eastern District of Kentucky, and Hall filed an amended complaint. The district court conducted an initial screening, and dismissed the complaint for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). Hall filed a timely notice of appeal. In his brief on appeal, Hall contends that he submitted numerous grievances in an effort to resolve his problems with his legal mail. In addition, Hall has submitted numerous documents and envelopes to support his claims.

Upon de novo review, *see White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997), we will affirm the judgment because the district court properly dismissed Hall's complaint for failure to exhaust administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a civil rights action concerning conditions of confinement. *See Booth v. Churner*, 532 U.S. 731, 736–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard*, 193 F.3d 876, 878–79 (6th Cir.1999); *Brown v. Toombs*, 139 F.3d 1102, 1103–04 (6th Cir.1998). A prisoner has the burden of demonstrating exhaustion of these remedies. *See Brown*, 139 F.3d at 1104. To establish exhaustion of administrative remedies prior to filing suit, a prisoner should attach any decision demonstrating the administrative disposition of his claims. *See Wyatt*, 193 F.3d at 878; *Brown*, 139 F.3d at 1104. Here, plaintiff did not establish that he exhausted administrative remedies.

The district court properly dismissed plaintiff's complaint in this case. Plaintiff alleged in both his complaint and in his amended complaint that he filed a single grievance against only defendant Ballard concerning his claim, but alleged that the grievance was not returned to him. Under these circumstances, the district court correctly concluded that Hall did not establish that he exhausted administrative remedies. This court will not consider Hall's inconsistent assertion on appeal that he filed numerous grievances because that assertion was not made in the district court. *See White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559 (6th Cir.1990). Similarly, Hall's papers in support should not be considered because they too were not presented in the district court and are not contained in the record· on appeal. *See* Fed. R.App. P. 10(a). Accordingly, plaintiff's complaint was properly dismissed for failure to exhaust administrative remedies. We therefore have no occasion to address the merits of the district judge's alternative basis of dismissal for failure to state a claim on which relief can be granted.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.