**Jacta Est ALEA, Plaintiff–Appellant,**

v.

**Gary L. DENNIS, KY Department of Corrections Health Director, et al., Defendants–Appellees.**

No. 03–5677.

United States Court of Appeals, Sixth Circuit.

Dec. 8, 2003.

Jacta Est Alea, pro se, Eddyville, KY, for Plaintiff–Appellant.

Before SILER, DAUGHTREY, and GIBBONS, Circuit Judges.

*ORDER*

Jacta Est Alea appeals a district court judgment that dismissed without prejudice his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Alea and other Kentucky prisoners filed the instant civil rights complaint on behalf of themselves and all retarded Kentucky prisoners, alleging inter alia, that medical treatment and therapy provided to mentally ill Kentucky prisoners is inadequate. Plaintiffs sought declaratory and injunctive relief. Alea sought leave to proceed in forma pauperis despite his restriction under the Prison Litigation Reform Act "three strike" provision, 28 U.S.C. § 1915(g). The district court denied Alea pauper status and applied money tendered by Alea as his part of the district court filing fee. Thereafter, the district court denied plaintiffs' motions for a temporary restraining order and for class action certification. Contemporaneously, the district court dismissed the complaint without prejudice for failure to exhaust available administrative remedies pursuant to 28 U.S.C. § 1915e(a). Alea filed a timely Fed.R.Civ.P. 59(e) motion, which the district court denied. Only plaintiff Alea filed a timely notice of appeal.

On appeal, Alea contends that issues regarding medical treatment are not grievable, and that many letters of complaint written to Kentucky officials about the issue should be deemed to satisfy the exhaustion requirement. Upon de novo review, *see Curry v. Scott*, 249 F.3d 493, 503 (6th Cir.2001); *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir.1997), we affirm the judgment for the reasons stated by the

district court in its memorandum opinion entered March 7, 2003. Essentially, plaintiffs did not meet their burden of demonstrating that they exhausted all available administrative remedies before filing a civil rights action concerning conditions of confinement as required under 42 U.S.C. § 1997e(a). *See Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 736–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard*, 193 F.3d 876, 878–79 (6th Cir.1999); *Brown v. Toombs*, 139 F.3d 1102, 1103–04 (6th Cir.1998).

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.