**NOT RECOMMENDED FOR PUBLICATION**
File Name: 05a0114n.06
Filed: February 14, 2005

No. 04-5220

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MAGGIE RANCHER, | ) | |
| | ) | |
| Plaintiff-Appellant | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| FRANKLIN COUNTY, KY; FRANKLIN | ) | EASTERN DISTRICT OF KENTUCKY |
| COUNTY CORRECTIONAL COMPLEX; | ) | |
| JAMES KEMPER, JR.; JAMES HEAPHY; | ) | |
| SALLY MAXWELL; BILL READ; JOHN | ) | |
| DOES, Individually and in their Official | ) | |
| Capacities. | | |
| | | |
| Defendants-Appellees | | |

BEFORE:     MERRITT, MOORE and GILMAN, Circuit Judges

**MERRITT, Circuit Judge.**  In this case the plaintiff, Maggie Rancher, allegedly had a broken arm when she was incarcerated in the local Franklin County, Kentucky jail in December 1999, and January and February 2000.  She was then transferred to a state prison.  She claims that the defendants were deliberately indifferent to her serious medical needs during the period she was incarcerated in the local jail.  She allegedly made numerous requests for medical assistance but to no avail.  After screening her *pro se* § 1983 complaint, the District Court entered an Order on January 3, 2001, as follows:

The instant plaintiff has alleged a serious and visible medical need and the defendant jailer's deliberate indifference to it. Moreover, she suggests that it was policy to not provide medical care in the jail to those who will be going to a state institution. Therefore, both the jailer and the Franklin County Fiscal Court will be summoned to respond to the plaintiff's allegations.

J.A. at 23.

Three years later, on January 21, 2004, in response to defendants' motions, the District Court entered an opinion dismissing the plaintiff's case on grounds that the prisoner failed to comply with the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)[1]:

Rancher did not attach any such documentation [*i.e.*, "the decision containing the administrative disposition of the grievance to the complaint"] to her pro se form complaint or her amended complaint. Therefore, the court must determine whether Rancher has pled with specificity the full exhaustion of the administrative remedies available to her.

J.A. at 155.

The Court then said that the ground for dismissal was the prisoner's failure to allege or show that she filed "a grievance form which would be reviewed by Bill Read [an employee of the jail]." J.A. at 157. The Court stated that although the plaintiff had filed two or more medical request forms and sent one or more letters to jail officials complaining of their failure to provide treatment for her, "this was not the grievance procedure instated at the" jail. J.A. at 156. The Court overruled

---

[1]Section 1997e(a) states:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

plaintiff's request to amend her pleadings to set out in more detail her written and oral efforts to obtain medical relief and the failure to receive any response.

We believe that the District Court is in error in its holding that the plaintiff did not sufficiently allege efforts to satisfy the grievance procedure at the jail, or make a showing that she had satisfied such procedures. On page 2 of her *pro se* complaint plaintiff states, "I filed a grievance with the Franklin County Jail . . . .The jailer told me I would receive medical care for my medical problems. Did not receive . . . . Contacted the medical department at the prison facility and the legal aid department." J.A. at 15. In addition, at pages 139 and 140 of the Joint Appendix, the plaintiff has submitted contemporaneous documents of other prisoners showing that the Franklin County Jail did not have a formal or stated grievance procedure, but rather in cases in which the prisoner asked for medical attention, the procedure was simply to submit a request for medical treatment, not a grievance. In the case of Scott Walters, who submitted a grievance on July 28, 1998, because of the failure to provide medical care, the answer provided by the jail was "this needs to be submitted on a medical request, not a grievance." J.A. at 139. And in the case of Kathy Walker, in response to her grievance submitted on August 16, 2000, a jailor stated "this is not grievable. You will have to submit a medical slip and be seen." J.A. at 140. This evidence demonstrates the existence of a "flat rule" against medical grievances and justifies excusing the exhaustion requirement. *Wyatt v. Leonard*, 193 F.3d 876, 878 (6th Cir. 1999) (". . . it makes sense to excuse exhaustion of the prisoner's complaint where the prison system has a flat rule declining jurisdiction over such cases

. . .").  Regardless of the procedures that may have existed on paper, Rancher has presented uncontradicted evidence that the rule as applied was to treat medical issues as "non-grievable."[2]

The District Court made its § 1997(e) ruling at the jail three years after the case was filed. It should have taken into account the evidence developed that showed the lack of a grievance procedure for the failure to provide medical assistance.  The record demonstrates that the District Court overlooked the fact that the jail stated that it did not have a formal grievance procedure for requests for medical treatment and had made it clear in the past that the procedure at the jail was only to request medical treatment.  It is clear from the record that plaintiff made numerous requests for medical treatment at the jail and received none.  The Walters and Walker documents demonstrate a flat rule at the jail against allowing grievances for medical issues.  Rancher therefore had no further procedures to exhaust or to allege.

---

[2]In their Brief to the District Court in support of their motion to dismiss, the defendants attempted to show the existence of grievance procedures at the jail by citing deposition testimony by defendant James Kemper.  But in chastising the plaintiff for citing to this very same deposition on appeal, the defendants now admit that no evidence regarding any actual grievance procedures at the jail, including Kemper's deposition, was ever made a part of the district court record below. Def. Br. at 11 n.2.  Instead, the defendants now rely on Rancher's statement in her original complaint that "I filed a Grievance with the Franklin Co. Jail" as evidence that a grievance procedure existed and that defendant was aware of it.  Defendants have not presented any evidence that Rancher ever completed an actual grievance form or any other document in the official chain of grievance procedures.  Rancher did file several medical request forms and wrote at least one letter to Deputy Jailer, Bill Read.  Given defendants' failure to produce any formal grievance by Rancher, it is more reasonable to assume that her statement, "I filed a grievance," was a reference to her letter to Read than to an official filing.  This interpretation is also consistent with her assertion that she was never aware of any available formal grievance procedures at the jail.  Defendants have not cited to any evidence in the record that demonstrates the existence of any grievance procedures at the Jail, much less that Rancher actually submitted grievances pursuant to such procedures.

Accordingly, the judgment of the District Court dismissing the plaintiff's case for failing to show that she had exhausted administrative remedies available to her is reversed and the case is remanded to the District Court for further proceedings.