**Clydell MACK, Plaintiff–Appellant,**

v.

**Don DEWITT, Warden, et al., Defendants–Appellees.**

**No. 01–4163.**

United States Court of Appeals, Sixth Circuit.

April 30, 2002.

Before KRUPANSKY and BOGGS, Circuit Judges; LAWSON, District Judge.*

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

*ORDER*

Clydell Mack, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint construed as filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Mack filed suit against the director of the Ohio Department of Rehabilitation and Correction (Wilkinson), a former prison warden (DeWitt), and three corrections officers (Burchwell, Radcliff, and Ray). Mack asserted that prison officials had harassed him, denied him food and hygiene, stolen his personal property and mail, assaulted him, and transferred him to another prison without notice. The defendants filed a motion to dismiss, arguing in part that Mack had failed to exhaust his administrative remedies. After careful consideration, a magistrate judge recommended dismissing Mack's complaint for lack of exhaustion. *See* 42 U.S.C. § 1997e(a). The district court did so, upon de novo review and over Mack's objections.

In his timely appeal, Mack essentially reasserts his claims and attaches proof of exhaustion.

Upon de novo review, we conclude that the district court properly dismissed the action for failure to exhaust administrative remedies. *See Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001). The Prison Litigation Reform Act of 1995 requires a prisoner to exhaust all available administrative remedies before filing federal lawsuits challenging prison conditions, even if the prisoner is seeking monetary damages. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 740–41, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard,* 193 F.3d 876,

877 (6th Cir.1999); *Wright v. Morris,* 111 F.3d 414, 417 (6th Cir.1997). The prisoner must allege and demonstrate that he has exhausted all available administrative remedies and should attach the decision containing the administrative disposition of his grievance to the complaint, or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.), *cert. denied,* 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000); *Wyatt,* 193 F.3d at 878; *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). When a prisoner fails to exhaust his administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate. *See* 42 U.S.C. § 1997e(a); *White v. McGinnis,* 131 F.3d 593, 595 (6th Cir.1997) (order).

Ohio's grievance procedure permits an inmate to challenge "any aspect of institutional life." *See* Ohio Admin. Code § 5120–9–31(B). To begin grievance proceedings, the inmate must first attempt to resolve the grievance by contacting the appropriate institutional department or staff member before notifying the inspector of institutional services. *See* § 5120–9–31(F); *Freeman v. Francis,* 196 F.3d 641, 644 n. 4 (6th Cir.1999). If the inmate is not satisfied by the inspector's resolution of the grievance, he may appeal to the chief inspector. *See* § 5120–9–31(H)(8). The grievance procedure calls for written responses from both the inspector of institutional services and the chief inspector. *See* § 5120–9–31(H)(7) and (8).

Mack did not demonstrate that he had exhausted all available administrative remedies by the time he filed his complaint. *See Brown,* 139 F.3d at 1104. He did not attach any grievances or dispositions to his complaint, or make particularized averments, but instead summarily

stated that he had filed Grievance No. 11–00–13 and had also contacted the Ohio Highway Patrol. Although Mack has now submitted a copy of a decision by the chief inspector in his appellate brief, this does not warrant vacating the district court's decision. The chief inspector's decision of October 23, 2001, post-dates the district court's judgment of September 18, 2001. The decision does not cure the exhaustion defect as a plaintiff must exhaust the administrative remedies prior to filing suit and not while his suit is pending in federal court. *See Freeman,* 196 F.3d at 645. Furthermore, the letter is not properly before the court as it was not part of the district court record. *See* Fed. R.App. P. 10(a).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.