Dale BYRD, Plaintiff–Appellant,

v.

Walter RUSH, et al., Defendants–Appellees.

No. 02–2439.

United States Court of Appeals, Sixth Circuit.

July 7, 2003.

Before BOGGS and GILMAN, Circuit Judges; and DOWD, District Judge.*

### ORDER

Pro se Michigan prisoner Dale Byrd appeals a district court judgment that dismissed his 42 U.S.C. § 1983 suit, without prejudice, for failure to exhaust administrative remedies. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking injunctive and monetary relief, Byrd sued Walter Rush, a sergeant at Ionia Maximum Correctional Facility ("ICF"), and (unknown) Watkins, a corrections officer at that facility. Byrd claimed that on April 9, 2001, at the direction of defendant Rush, defendant Watkins removed from Byrd's cell 19 pornographic magazines that Byrd alleged he lawfully possessed. He complained that the removal was conducted in violation of prison policies and that the magazines were unlawfully destroyed by defendant Rush. In addition, Byrd alleged that on April 29, 2001, defendant Rush refused Byrd the right to a shower. Byrd alleged that both of the actions were taken in retaliation for Byrd's prior grievances against defendant Rush.

The district court dismissed the suit, noting that—although Byrd had exhausted his retaliation claim arising out of the April 29, 2001, incident—Byrd had not exhausted his administrative remedies regarding his claim of retaliation arising from the April 9, 2001, incident. Reconsideration was also denied. This appeal followed.

We review de novo the district court's dismissal of a civil rights action for failure to exhaust administrative remedies. *Curry v. Scott*, 249 F.3d 493, 503 (6th Cir. 2001).

Upon review, we conclude that the district court properly dismissed the complaint without prejudice for lack of exhaustion. The Prison Litigation Reform Act of 1995 requires a prisoner to exhaust all available administrative remedies before filing federal lawsuits challenging prison conditions, even if the prisoner is seeking monetary damages. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard*, 193 F.3d 876, 877 (6th Cir.1999); *Wright v. Morris*, 111 F.3d 414, 417 (6th Cir.1997). "Prison conditions" or "conditions of confinement" includes retaliation claims. *Porter v. Nussle*, 534 U.S. 516, 531, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

The prisoner must allege and demonstrate that he has exhausted all available administrative remedies and should attach the decision containing the administrative disposition of his grievance to the complaint, or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.2000); *Wyatt*, 193 F.3d at 878; *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998). "When a prisoner fails to exhaust his administrative remedies before filing a civil rights complaint in federal

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate." *Mack v. DeWitt,* 40 Fed.Appx. 36, 37 (6th Cir.2002) (unpublished table decision). In the present case, the record shows that Byrd did not exhaust his administrative remedies with regard to his retaliation claim arising from the April 9, 2001, incident. The district court therefore properly dismissed his suit. The remaining arguments on appeal are without merit.

Accordingly, the district court's judgment should be affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.