**Emmett Kapries DUNLAP,**
**Plaintiff–Appellant,**

v.

**Linda K. FULGHUM (01–6373);**

Corrections Corporation of
America (01–6376);

Corrections Corporation of America,
et al. (01–6378); Defendants–
Appellees.

Nos. 01–6373, 01–6376, 01–6378.

United States Court of Appeals,
Sixth Circuit.

May 1, 2002.

Before KRUPANSKY and BOGGS,
Circuit Judges;  LAWSON, District
Judge.*

## ORDER

Emmett Kapries Dunlap, a Wisconsin
prisoner incarcerated in Tennessee, ap-
peals pro se three district court orders
dismissing his prisoner civil rights com-
plaints filed under 42 U.S.C. § 1983.
These cases have been referred to a panel
of the court pursuant to Rule 34(j)(1),
Rules of the Sixth Circuit.  Upon examina-
tion, this panel unanimously agrees that
oral argument is not needed.  Fed. R.App.
P. 34(a).

---

* The Honorable David M. Lawson, United
States District Judge for the Eastern District
of Michigan, sitting by designation.

In one day, Dunlap filed nine complaints seeking monetary relief and alleging violations of his constitutional rights by a variety of defendants. The district court dismissed one of the complaints as frivolous because the named defendant was entitled to absolute immunity, dismissed a second complaint as frivolous because Dunlap had adequate state remedies, and consolidated the remaining seven complaints and dismissed them without prejudice for failure to exhaust administrative remedies. These appeals followed. Upon consideration, we conclude that the district court's orders should be affirmed for the following reasons:

### 01–6373

■ This complaint was properly dismissed as frivolous, as it lacked any arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Dunlap sought three and one half million dollars from a county circuit court clerk, alleging that she had denied him access to the state court. The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because the defendant court clerk is absolutely immune from claims for damages. *White v. Gerbitz,* 892 F.2d 457, 464 (6th Cir.1989). Moreover, this complaint would also be subject to dismissal for failure to state a claim, as Dunlap did not show prejudice to a non-frivolous court proceeding. *Lewis v. Casey,* 518 U.S. 343, 351–53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Dunlap did not allege what type of action he attempted to file, or how the defendant interfered with his filing.

### 01–6376

■ This complaint was also properly dismissed as frivolous for lack of any basis in law. Dunlap sought 1.4 billion dollars from the Corrections Corporation of America because a television set which was mailed to Dunlap was damaged in transit and he was not satisfied with the compensation he was offered. The district court correctly dismissed this complaint as frivolous because it appeared that Dunlap had an adequate state remedy for his loss. *Copeland v. Machulis,* 57 F.3d 476, 479 (6th Cir.1995); *Smith v. Rose,* 760 F.2d 102, 106 (6th Cir.1985). Moreover, Dunlap has not briefed this issue on appeal, as his brief in this case appears to address the dismissal of the complaint in No. 01–6373. Therefore, the district court's order can also be affirmed on the basis that Dunlap has abandoned his claim in this appeal. *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991).

### 01–6378

■ The district court consolidated the remaining seven complaints filed by Dunlap against the Corrections Corporation of America and seventeen employees of that corporation and the Wisconsin Department of Corrections. Although it is not clear what claims Dunlap wished to raise in many of these complaints, the district court noted that he was complaining about his job assignment in some of the complaints, but failed to demonstrate that he had exhausted administrative remedies with regard to his grievances. Therefore, these complaints were properly dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a). *Wyatt v. Leonard,* 193 F.3d 876, 878 (6th Cir.1999); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998).

Accordingly, the district court's orders in each of these appeals is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.