**Willie WASH, Plaintiff–Appellant,**

v.

**Jim ROUT, Mayor, et al., Defendants–Appellees.**

No. 01–6328.

United States Court of Appeals, Sixth Circuit.

May 15, 2002.

Before MARTIN, Chief Circuit Judge; SILER and CLAY, Circuit Judges.

*ORDER*

Willie Wash, a Tennessee prisoner proceeding pro se, appeals the district court order dismissing his complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

tucky, sitting by designation.

Seeking monetary relief, Wash sued Jim Rout, Mark Luttrell, William H. Montague, Robert Moore, Priscilla Adams, Jay Desiderio, Harvey Kennedy, Bertha Calhoun, and Minus Adams concerning the conditions of his confinement at the Shelby County, Tennessee, Department of Corrections. Wash alleged that the defendants violated his right of access to the courts by denying him legal supplies, legal assistance, and adequate time in the law library. The district court screened the complaint, granted Wash in forma pauperis status, and dismissed the complaint for failure to exhaust administrative remedies. *See* 42 U.S.C. § 1997e. The district court also denied Wash's motion for reconsideration.

In his timely appeal, Wash argues that: (1) the district court denied him an opportunity to be heard; (2) the district court judge displayed animosity towards him because Wash charged the judge with judicial misconduct in an earlier case; and (3) the institution does not have an appeal process to exhaust when an inmate is seeking monetary damages.

This court reviews de novo a district court's application of the Prison Litigation Reform Act (PLRA). *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

Upon review, we conclude that the district court properly dismissed Wash's complaint for failure to exhaust administrative remedies. The PLRA requires prisoners bringing actions concerning prison conditions under 42 U.S.C. § 1983 or other federal law to exhaust all available administrative remedies before suing in federal court. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 736–37, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard*, 193 F.3d 876, 877 (6th Cir.1999). The prisoner must plead his claims with specificity and demonstrate that he has exhausted all available administrative remedies by attaching the decision containing the administrative disposition of his grievance to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000). The prisoner has the burden of demonstrating that he has exhausted these remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998) (per curiam).

Wash failed to demonstrate that he exhausted his administrative remedies before filing his suit. In his complaint, Wash alleged that he filed six grievances but he only attached copies of three. He did not allege or show that he completed the grievance process by appealing the denial of these grievances, nor did he describe with specificity any administrative proceedings or their outcomes. In his motion for reconsideration, Wash claimed that he filed appeals of his grievances after the district court entered the order dismissing his lawsuit. However, the PLRA requires prisoners to exhaust their remedies before filing suit, not after a suit is commenced. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999). Because Wash did not comply with the PLRA, the district court properly dismissed the complaint.

Wash's arguments on appeal are without merit. He maintains that he exhausted his administrative remedies and lists many grievances, but does not point to any proof in the record that he exhausted his remedies before filing suit in federal district court. Wash claims that Judge Gibbons's decision shows bias, but "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Finally, Wash complains that the prison's appeal process is inadequate and does not provide relief for a prisoner seeking monetary damages. Although Wash is dissatisfied

with the appeal process, he has not demonstrated that he exhausted it properly. Moreover, inmates must exhaust their administrative remedies irrespective of the forms of relief sought. *Booth,* 532 U.S. at 636–39.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.