Leo BEARDEN, Plaintiff–Appellant,

v.

Larry CRAVEN, Warden, et al.,
Defendants–Appellees.

No. 01–5961.

United States Court of Appeals,
Sixth Circuit.

May 22, 2002.

Before RYAN, BOGGS, and COLE,
Circuit Judges.

Leo Bearden, a Tennessee prisoner proceeding pro se, appeals the district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Bearden sued Warden Larry Craven, War-· den of Treatment Randy Eckman, Warden of Security Kenny Haggard, Corrections Officers Fontella Mason, Sheila Martin, and M. Hunt, Dorothy Robertson, Dewayen, K. Wilkes, S. Robertson, L. Williams, and Liaison Penny Turker. Bearden is incarcerated at the Hardeman County Correctional Facility in Whiteville, Tennessee, and the defendants are all associated with the prison. Bearden alleged that on February 23, 2001, the defendants placed gang members in his pod despite knowing that the gang planned to kill him. The district court dismissed the complaint for failure to exhaust administrative remedies. The court also denied Bearden's motion for reconsideration.

In his timely appeal, Bearden argues that he exhausted his administrative remedies by filing a grievance, but the grievance chairman refused to answer it.

This court reviews the district court's interpretation of the Prison Litigation Reform Act (PLRA) de novo. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997).

Upon review, we conclude that the district court properly dismissed Bearden's complaint for failure to exhaust administrative remedies. The PLRA requires prisoners bringing actions concerning prison conditions under 42 U.S.C. § 1983 or other federal law to exhaust all available administrative remedies before suing in federal court. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1823, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard,* 193 F.3d 876, 877–78 (6th Cir. 1999). In his complaint, Bearden alleged that he wrote a grievance and turned it in, but did not get a response. He did not attach any documents to his complaint. Moreover, he did not allege that he attempted to move the grievance to the next stage after he failed to receive a response,

as permitted by the Tennessee Department of Correction's grievance policy. Finally, the document Bearden attached to his motion for reconsideration involved a different grievance. Because Bearden failed to carry his burden of establishing that he exhausted his administrative remedies, the district court properly dismissed the complaint. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998) (per curiam).

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.