**Robert POOR, Plaintiff–Appellant,**

v.

**Henry N. GRAYSON, et al.,
Defendants–Appellees.**

No. 02–1436.

United States Court of Appeals,
Sixth Circuit.

Sept. 17, 2002.

Before BOGGS and COLE, Circuit Judges; BELL, District Judge.*

*ORDER*

Robert Poor, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In his complaint, as amended, Poor sued several Michigan prison officials (Grayson, T. Jones, Skipper, Rowley, Ashton, M. Jones, and McLain) in their individual and official capacities for monetary relief. Poor asserted that: 1) the defendants violated the Eighth Amendment by failing to protect him after they heard an inmate threaten to assault him; and 2) the defendants violated his right of access to the courts by impeding the grievance process. Upon consideration of the complaint and responsive pleadings, a magistrate judge recommended dismissing the complaint for lack of exhaustion under 42 U.S.C. § 1997e(a) because Poor had not pursued all available administrative remedies before filing suit. The district court agreed and dismissed the action over Poor's objections.

In his timely appeal, Poor reasserts his claims.

---

* The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

This court reviews the district court's interpretation of the Prison Litigation Reform Act of 1995 (PLRA) de novo. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). The PLRA requires a prisoner to exhaust all available administrative remedies before filing federal lawsuits challenging prison conditions, even if the prisoner is seeking monetary damages. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard*, 193 F.3d 876, 877 (6th Cir.1999); *Wright v. Morris*, 111 F.3d 414, 417 (6th Cir.1997). The prisoner must allege and demonstrate that he has exhausted all available administrative remedies and should attach the decision containing the administrative disposition of his grievance to the complaint, or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000); *Wyatt*, 193 F.3d at 878; *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998). When a prisoner fails to exhaust his administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate. *See* 42 U.S.C. § 1997e(a); *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir.1997) (order). Exhaustion may not be completed after a federal complaint has been filed. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999).

A Michigan prisoner's administrative remedies are set forth at Michigan Department of Corrections Policy Directive ("MDOC PD") No. 03.02.130 (October 11, 1999), which provides for a three-level written grievance procedure to be used after a prisoner attempts to verbally resolve an issue. At Step I, the prisoner files a grievance with the Step I grievance coordinator, who assigns someone to respond. *See* MDOC PD No. 03.02.130(T). If the prisoner does not receive a timely response or is dissatisfied with the response at Step I, the prisoner may file a Step II appeal with the Step II grievance coordinator. *See id.* Likewise, if the prisoner does not receive a timely Step II response or is dissatisfied with the response, the inmate may file a Step III appeal with MDOC's Prisoner Affairs Section. *See id.* A prisoner may bypass Steps I and II and file a Step III grievance if the matter concerns "racial or ethnic discrimination and staff brutality or corruption." *See* MDOC PD No. 03.02.130(II). The prison's response at Steps I and II shall be sent to the prisoner within 15 business days, unless an extension is granted. *See* MDOC PD No. 03.02.130(CC), (FF). The entire process from filing a Step I grievance to the Step III response shall be completed within 90 calendar days, absent an extension. *See* MDOC PD No. 03.02.130(V).

The district court properly dismissed Poor's complaint for failure to exhaust administrative remedies because Poor's allegations and documentation demonstrate partial, rather than full, exhaustion. Poor began the grievance process by attempting to file a Step III grievance on February 18, 2001. In the grievance, Poor asserted that he would not have been attacked if Warden Grayson had not disregarded another prisoner's threats and "bonded out" that prisoner from segregation. No other prison officials were named. As permitted by policy, the Prison Affairs Section reviewed the grievance and returned it to Poor to file it as a Step I grievance. *See* MDOC PD No. 03.02.130(II). Poor did so on March 6, 2001, and then sent requests for a response to the grievance coordinator on March 9 and March 14. On March 21, Poor requested Step II paperwork to no avail, and on March 28, he requested Step III paperwork from the grievance coordi-

nator to no avail. Poor then abandoned the grievance process and filed this action in a complaint dated April 5, 2001. The prison ultimately sent Step I and II responses to Poor on July 23, 2001, during the middle of proceedings before the district court, claiming accidental mishandling of the grievance.

Poor's efforts do not constitute full exhaustion because he did not name all of the defendants in his grievance and he did not follow the time frame and procedures set out in prison policy before filing his complaint. To reiterate, Poor filed his Step I grievance on March 6, 2001. In the absence of responses, Poor could not seek a Step II appeal until the passage of fifteen business days on March 27, he could not seek a Step III appeal until the passage of an additional fifteen business days on April 19, and he could not file a federal complaint until the passage of a total of ninety calendar days on June 6, 2001. After the grievance coordinator failed to respond to Poor's assorted correspondence concerning Steps I and II, Poor did not file a Step III appeal with the Prison Affairs Section, but he instead abandoned the process and filed his complaint on April 5, 2001, before the ninety days had passed on June 6, 2001. Thus, Poor did not completely exhaust his administrative remedies before filing suit, and dismissal of the suit was appropriate. *See* 42 U.S.C. § 1997e(a); *White*, 131 F.3d at 595.

As a final matter, we conclude that the judgment should be modified to be without prejudice to any right Poor may have to refile his complaint. *Brown*, 139 F.3d at 1104.

Accordingly, the district court's judgment is affirmed as modified. Rule 34(j)(2)(C), Rules of the Sixth Circuit.