**Larry Eugene WATKINS–EL,**
**Plaintiff–Appellant,**

v.

**George MILLION, Warden; Mike Smith, Internal Affairs; John Underwood; Kathy Litteral; Rhonda Callahan, Defendants–Appellees.**

**No. 02–5291.**

United States Court of Appeals,
Sixth Circuit.

Oct. 8, 2002.

Before GUY, SILER, and BATCHELDER, Circuit Judges.

## ORDER

Pro se Kentucky prisoner Larry Eugene Watkins–El appeals a district court judgment that dismissed his civil rights suit, without prejudice, for failure to exhaust all available administrative remedies. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking injunctive relief and compensatory damages and raising multiple claims concerning the conditions of his confinement, Watkins–El sued several employees of the Eastern Kentucky Correctional Complex. Although Watkins–El submitted multiple documents concerning his pursuit of administrative remedies, he did not provide documentation showing that he had exhausted his available remedies as to all of the many claims he raised.

The district court dismissed the suit pursuant to 42 U.S.C. § 1997e because Watkins–El failed to show that he had exhausted all available administrative remedies as to his claims of violations of the First and Eighth Amendments.

In his timely appeal, Watkins–El argues that he did, in fact, sufficiently exhaust his administrative remedies, and he has attached papers for the court to his brief that concern the exhaustion issue. He also argues that the district court should not have dismissed his suit for failure to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(6). The defendants have not been served and have not filed a brief.

As an initial matter, we note that Watkins–El's argument concerning the dismissal of his suit under Rule 12(b)(6) lacks a basis in fact. His suit was dismissed, without prejudice, under § 1997e.

Upon review, we conclude that the district court did not err in dismissing the suit for failure to exhaust administrative remedies. We review de novo the district court's dismissal of a civil rights action for failure to exhaust administrative remedies. *Curry v. Scott*, 249 F.3d 493, 503 (6th Cir.2001).

The district court properly dismissed the complaint, without prejudice, for lack of complete exhaustion of remedies. The Prison Litigation Reform Act of 1995 requires a prisoner to exhaust all available administrative remedies before filing federal lawsuits challenging prison conditions. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard*, 193 F.3d 876, 877 (6th Cir.1999); *Wright v. Morris*, 111 F.3d 414, 417 (6th Cir.1997). The prisoner must allege and demonstrate that he has exhausted all available administrative remedies and should attach the decision containing the administrative disposition of his grievance to the complaint, or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000); *Wyatt*, 193 F.3d at 878; *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998). When a prisoner fails to exhaust his administrative remedies *before filing* a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.