**Robert Earl CLEMENTS, Jr., Plaintiff–Appellant,**

v.

**Robert E. BEIGHTLER, Warden, et al., Defendants–Appellees.**

No. 02–3432.

United States Court of Appeals, Sixth Circuit.

Oct. 21, 2002.

Before BOGGS, SUHRHEINRICH, and CLAY, Circuit Judges.

Robert Earl Clements, Jr., a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Clements brought suit against several prison officials for allegedly violating his constitutional rights by improperly treating his heart condition, denying him medications, and interfering with his legal mail. A magistrate judge ordered Clements to show cause why the action should not be dismissed for lack of exhaustion of administrative remedies. When Clements failed to do so, the magistrate judge then recommended dismissing the action for that reason. Upon de novo review and over Clements's objections, the district court accepted the magistrate judge's recommendation and dismissed the action. This appeal followed; Clements moves for miscellaneous relief.

This court reviews the district court's interpretation of the Prison Litigation Reform Act of 1995 ("PLRA") de novo. McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.1997). The PLRA requires a prisoner to exhaust all available administrative remedies before filing federal lawsuits challenging prison conditions, even if the prisoner is seeking monetary damages. See 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); Wyatt v. Leonard, 193 F.3d 876, 877 (6th Cir.1999); Wright v. Morris, 111 F.3d 414, 417 (6th Cir.1997). The prisoner must allege and demonstrate that he has exhausted all available administrative remedies and should attach the decision containing the administrative disposition of his grievance to the complaint, or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir.), cert. denied, 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000); Wyatt, 193 F.3d at 878; Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir.1998) (per curiam). When a prisoner fails to exhaust his administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate. See 42 U.S.C. § 1997e(a); White v. McGinnis, 131 F.3d 593, 595 (6th Cir.1997) (order).

Ohio's grievance procedure permits an inmate to challenge "any aspect of institutional life." See Ohio Admin. Code § 5120–9–31(B). To begin grievance proceedings, the inmate must first attempt to resolve the grievance by contacting the appropriate institutional department or staff member before notifying the inspector of institutional services. See § 5120–9–31(F); Freeman v. Francis, 196 F.3d 641, 644 n. 4 (6th Cir.1999). If the inmate is not satisfied by the inspector's resolution of the grievance, he may appeal to the chief inspector. See § 5120–9–31(H)(8). The grievance procedure calls for written responses from both the inspector of institutional services and the chief inspector. See § 5120–9–31(H)(7) and (8).

Clements did not demonstrate that he had exhausted all available administrative remedies by the time he filed his complaint. See Brown, 139 F.3d at 1104. He did not attach any grievances or dispositions to his complaint, or make particularized averments, but instead summarily stated that he had exhausted his administrative remedies. After the magistrate judge issued the show cause order, Clements filed a flurry of papers, but did not attach any proof of exhaustion of any claim raised in the complaint.

Accordingly, all pending motions are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.