Robert Earl CLEMENTS, Jr., Plaintiff–Appellant,

v.

Lisa CAUDILL, et al., Defendants–Appellees.

No. 01–3171.

United States Court of Appeals, Sixth Circuit.

Oct. 23, 2002.

Before BOGGS, SUHRHEINRICH, and CLAY, Circuit Judges.

Robert Earl Clements, Jr., an Ohio prisoner proceeding pro se, moves for counsel on appeal from a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Clements sues several prison officials at the Orient Correctional Institute alleging that the defendants violated his rights under the First, Eighth and Fourteenth Amendments. Specifically, Clements contends that the defendants denied him adequate medical care for various ailments, tampered with his mail, improperly raised his security classification and conspired to try to kill him. The district court dismissed the complaint, pursuant to 42 U.S.C. § 1997e(a), because Clements had not exhausted his administrative remedies. Reconsideration was denied. This timely appeal followed.

Upon review, we conclude that the district court properly dismissed Clements's case because he did not exhaust his available administrative remedies. Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all of his available administrative remedies before filing a § 1983 action in federal court, *see Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *See id.* at 1104. Although money damages may not be available through the prison grievance process, Clements must still exhaust these remedies because the prison has an administrative system that will review his claims. *See Booth v. Churner,* 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Freeman v. Francis,* 196 F.3d 641, 643 (6th Cir.1999); *Wyatt v. Leonard,* 193 F.3d 876, 878–79 (6th Cir.1999). Section 1997e(a) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. *See Freeman,* 196 F.3d at 645. Further, the prisoner cannot abandon the process before completion and claim that he exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations. *See Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims. *See Wyatt,* 193 F.3d at 878; *Brown,* 139 F.3d at 1104.

Clements has not met his burden of demonstrating that he exhausted all of his available administrative remedies regarding his claims against the defendants. In Ohio, the general exhaustion procedures are set forth in Ohio Admin. Code § 5120–9–31, which mandates a three-step grievance procedure: the presentation of an informal complaint to a staff member with jurisdiction over the matter, a formal grievance filed with the Office of the Institutional Inspector at the correctional institution where the problem arose, and an appeal to the Chief Inspector of the Ohio Department of Rehabilitation and Correction. The complaint in this case is defective because it does not allege that all applicable steps of Ohio's Prison Grievance Procedure have been followed. Further, Clements has not attached copies of the complaints and resolutions at each step of the grievance process to his § 1983 complaint. Although Clements filed two additional documents after the district court issued a show cause order to comply with *Brown,* neither document alleges exhaustion of the grievance procedure, and no grievance or dispositions were attached. Consequently, pursuant to *Brown* and 42 U.S.C. § 1997e(a), Clements's complaint was properly dismissed for lack of exhaustion.

Finally, the documents attached to Clements's appellate brief purporting to demonstrate exhaustion postdate the district court's judgment of January 5, 2001. These documents do not cure the exhaustion defect as a plaintiff must exhaust the administrative remedies prior to filing suit and not while his suit is pending in federal court. *See Freeman,* 196 F.3d at 645. Furthermore, although the district court's order does not expressly so state, we note that the dismissal of Clements's complaint is without prejudice. *See Wyatt,* 193 F.3d at 879.

Accordingly, the motion for counsel is denied, and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.