**Kenneth L. STOREY, Plaintiff–Appellant,**

v.

**Tim HUTCHISON; Knox County Jail; Beeler, Officer; Dozier, Officer; Kincaid, Officer; Head, Officer; Cross, Officer; Pitman, Officer; Hudson, Officer; Yarnell, Officer; Neal, Officer; Moody, Officer, Defendants–Appellees.**

No. 02–5980.

United States Court of Appeals, Sixth Circuit.

Jan. 24, 2003.

Before GUY and MOORE, Circuit Judges; and BECKWITH, District Judge.*

*ORDER*

Pro se Tennessee prisoner Kenneth L. Storey appeals a district court judgment that dismissed his civil rights suit, without prejudice, for failure to exhaust all available administrative remedies. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

Raising multiple claims concerning the conditions of his detention, Storey sued several employees of the Knox County Jail. Although Storey submitted sworn affidavits that no grievance procedure was available to him, he later recanted and filed documents showing that he had exhausted his available remedies as to some of the many claims he raised. The district court dismissed the suit pursuant to 42 U.S.C. § 1997e because Storey failed to show that he had exhausted all available administrative remedies before filing suit.

In his timely appeal, Storey argues that he did, in fact, sufficiently exhaust his administrative remedies. He also argues that the district court erred by granting summary judgment for the defendants. Both parties have filed briefs.

As an initial matter, we note that Storey's argument concerning an adverse summary judgment lacks a basis in fact. His suit was dismissed, without prejudice, under § 1997e, and the defendants' motion for summary judgment was denied as moot.

Upon de novo review, we conclude that the district court did not err in dismissing the suit for failure to exhaust administrative remedies. *Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001).

The district court properly dismissed the complaint, without prejudice, for lack of complete exhaustion of remedies. The Prison Litigation Reform Act of 1995 requires a prisoner to exhaust all available administrative remedies before filing federal lawsuits challenging prison conditions. 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard,* 193 F.3d 876, 877 (6th Cir.1999); *Wright v. Morris,* 111 F.3d 414, 417 (6th Cir.1997). The prisoner must allege and demonstrate that he has exhausted all available administrative remedies and should attach the

decision containing the administrative disposition of his grievance to the complaint, or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.), *cert. denied,* 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000); *Wyatt,* 193 F.3d at 878; *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). When a prisoner fails to exhaust his administrative remedies *before filing* a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.