## Corris L. JACKSON, also known as Corris L. Jackson–El, Plaintiff–Appellant,

v.

## C. HAMLIN, et al., Defendants–Appellees.

No. 02–2040.

United States Court of Appeals, Sixth Circuit.

March 11, 2003.

Before MARTIN, Chief Judge; ROGERS, Circuit Judge; and EDMUNDS, District Judge.*

*ORDER*

Corris L. Jackson, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

Seeking monetary and equitable relief, Jackson sued three Michigan prison officials (Muzzin, Hamlin, and Gibson) in their individual capacities. Jackson asserted that: 1) Muzzin wrongly cited him on March 1, 2002, for violating a prison rule; 2) Hamlin held an unlawful hearing on the matter on March 11, 2002, did not conduct a reasonable investigation, and found Jackson guilty without stating reasons, which was in violation of due process and prison policy and was out of retaliation for a pending complaint; 3) Muzzin retaliated against Jackson "for going to higher officials" about unspecified matters, by kicking mail into his cell; 4) Gibson did not respond to Jackson's complaint about Hamlin, who had violated procedures at a misconduct hearing for a rule infraction issued by Muzzin on February 15, 2002; and 5) Gibson ignored Jackson's subsequent complaint about the March 11 hearing and then conspired with Hamlin to retaliate against Jackson by placing him in administrative segregation based on false misconduct tickets. Jackson also raised state law claims. The district court sua sponte dismissed the complaint pursuant to 42 U.S.C. § 1997e for lack of exhaustion and thereafter denied Jackson's motion to reconsider in which he argued that the matters were not grievable.

In his timely appeal, Jackson reasserts his claims and arguments. He moves for miscellaneous relief.

This court reviews the district court's interpretation of the Prison Litigation Reform Act of 1995 ("PLRA") de novo. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). The PLRA requires a prisoner to exhaust all available administrative remedies before filing federal lawsuits challenging prison conditions, even if the prisoner is seeking monetary damages. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 740–41, 121 S.Ct. 1819,

149 L.Ed.2d 958 (2001); *Wyatt v. Leonard*, 193 F.3d 876, 877 (6th Cir.1999); *Wright v. Morris*, 111 F.3d 414, 417 (6th Cir.1997). But where a claim is frivolous or fails to state a claim upon which relief can be granted, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies. *See* 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103–04 (6th Cir.1998).

Upon review, we conclude that the district court's judgment must be affirmed as modified to be with prejudice to Jackson's federal claims because Jackson failed to state any federal claim upon which relief could be granted. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

■ Jackson's first claim fails to state a claim because a prisoner has no constitutional right to be free from false accusations of misconduct. *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.1986).

■ As to the due process portion of his second claim, Jackson failed to state a claim for Hamlin's alleged failure to follow procedure. The state simply has no "federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir.1993).

To the extent that Jackson asserts that Hamlin acted in retaliation, Jackson still failed to state a claim. To state a First Amendment claim for retaliation, a plaintiff must establish that: 1) he engaged in protected conduct; 2) he suffered an adverse action which would deter a person of ordinary firmness from continuing to engage in the protected conduct; and 3) the adverse action was motivated at least in

part by the protected conduct. *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999). Jackson did not suffer an adverse action that would have deterred a person of ordinary firmness from filing further complaints because Jackson's misconduct conviction was overturned on appeal and no sanctions were imposed.

 Jackson failed to state a claim as to his third claim because he did not allege that he had engaged in protected conduct by complaining about non-frivolous matters and because kicking mail under a door is at most a de minimis adverse action that does not rise to the level of a constitutional violation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir.2001); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir.2000); *Thaddeus–X*, 175 F.3d at 398.

As to the fourth claim, Jackson again failed to state a claim because, as noted above, the state simply has no "federal due process obligation to follow all of its procedures...." *Levine*, 986 F.2d at 1515.

The fifth claim is too vague and conclusory to state a claim. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). Jackson did not detail any acts taken in furtherance of the alleged conspiracy between Gibson and Hamlin and did not provide copies of the misconduct tickets or otherwise describe them. Furthermore, as the misconduct tickets were dismissed, Jackson ultimately did not suffer any adverse action because of them.

Finally, because the federal claims fail to state a claim, we decline to exercise jurisdiction over the state law claims. *See Faughender v. City of North Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir.1991).

Accordingly, the district court's judgment is affirmed as modified to be with prejudice to the federal claims, and all pending motions are denied. Rule 34(j)(2)(C). Rules of the Sixth Circuit.