Jimmy BURDEN, Plaintiff–Appellant,

v.

Janette PRICE, et al., Defendants–
Appellees.

No. 03–1065.

United States Court of Appeals,
Sixth Circuit.

June 25, 2003.

Before: NORRIS, DAUGHTREY, and
ROGERS, Circuit Judges.

*ORDER*

Jimmy Burden, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action construed as filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 19, 2002, Burden filed suit against several Michigan prison officials (Price, Ault, Sullivan, Pandya, and Curtin) and a fellow prisoner (Jones). In addition to his complaint, Burden sent numerous letters to the district court with additional claims concerning prison conditions. Among his myriad claims, Burden asserted that: he was placed on grievance restriction; he was denied heart surgery and ear, nose, and throat surgery; he was not referred for psychological evaluation; Sullivan made a sexual remark to him; Jones threatened to injure him; Curtin refused to move him in spite of Jones's threat; the county court refused to prosecute the county prosecutor; and he was retaliated against for filing various complaints. The district court sua sponte dismissed the

complaint for lack of exhaustion on December 26, 2002. *See* 42 U.S.C. § 1997e(a).

In his timely appeal, Burden essentially reasserts his claims and argues that they were exhausted. Burden also moves for miscellaneous relief.

This court reviews de novo the district court's dismissal of a civil rights action for failure to exhaust administrative remedies. *Curry v. Scott*, 249 F.3d 493, 503 (6th Cir.2001). A prisoner is required to exhaust all available administrative remedies before filing a federal lawsuit challenging prison conditions, regardless of the type of relief sought. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard*, 193 F.3d 876, 877 (6th Cir.1999); *Wright v. Morris*, 111 F.3d 414, 417 (6th Cir.1997). The prisoner must allege and demonstrate that he has exhausted all available administrative remedies and should attach the decision containing the administrative disposition of his grievance to the complaint, or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.2000); *Wyatt*, 193 F.3d at 878; *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998). When a prisoner fails to exhaust his administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate. *See* 42 U.S.C. § 1997e(a); *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir.1997). Exhaustion may not be completed after a federal complaint has been filed. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999).

Upon de novo review, we conclude that the district court properly dismissed the complaint because Burden failed to demonstrate that he had exhausted all available administrative remedies before filing suit. He did not attach copies of any decision on his grievances or provide details of any administrative proceeding. On appeal, Burden alleges that the grievance coordinator denied the grievances because he could not read or understand them. However, Burden does not allege that he appealed the denial of any grievance through Michigan's three step grievance process, *see* Michigan Department of Corrections Policy Directive No. 03.02.130, or that the grievance restriction prevented him from filing a grievance on any claim raised in his complaint. Burden also states that he was filing information in the district court as events occurred, which indicates that many claims were not fully grieved prior to filing suit, as required by *Freeman.*

Accordingly, the district court's judgment is affirmed and all pending motions are denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.