**Shaheer A. SHABAZZ, also known as Lorenzo Gunn, Plaintiff–Appellant,**

v.

**Linda ROCHELL, A/W Title VI Coordinator; Jeff Brown, Maintenance Supervisor; Kristy Hall, Job/Program Coordinator, Defendants–Appellees.**

**No. 03–5010.**

United States Court of Appeals, Sixth Circuit.

Aug. 13, 2003.

Before DAUGHTREY, MOORE, and SUTTON, Circuit Judges.

*ORDER*

Shaheer A. Shabazz, a pro se Tennessee prisoner, appeals a district court order dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In a complaint dated October 17, 2002, Shabazz, an African–American, sued an assistant warden (Rochell), a prison maintenance supervisor (Brown), and an inmate job/program coordinator (Hall). All three defendants were employed at South Central Correctional Facility, a private prison run by Corrections Corporation of America. Relying on the Fifth, Eighth, and Fourteenth Amendments, Shabazz assert-

ed that the defendants had terminated him from his prison job after a disciplinary conviction, but had not discharged his white co-workers after their convictions for various disciplinary infractions. The district court sua sponte dismissed the complaint for lack of exhaustion pursuant to 42 U.S.C. § 1997e(a).

In his timely appeal, Shabazz essentially reasserts his claim and argues that he had fully exhausted his administrative remedies.

Upon de novo review, we conclude that the district court properly dismissed the complaint for failure to exhaust administrative remedies. *See Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001). A prisoner must exhaust all available administrative remedies before filing federal lawsuits challenging prison conditions, regardless of the type of relief sought. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard,* 193 F.3d 876, 877 (6th Cir.1999); *Wright v. Morris,* 111 F.3d 414, 417 (6th Cir.1997). The prisoner must allege and demonstrate that he has exhausted all available administrative remedies and should attach the decision containing the administrative disposition of his grievance to the complaint, or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir. 2000); *Wyatt,* 193 F.3d at 878; *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir. 1998). When a prisoner fails to exhaust his administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate. *See* 42 U.S.C. § 1997e(a); *White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997).

The grievance procedure for a Tennessee prisoner at a private prison, set forth at Tennessee Department of Correction (TDOC) Policy No. 9501.01(VI)(C), requires the inmate to file a grievance with the grievance committee, which obtains a response from the supervisor of the employee or department involved. If the inmate disagrees with the supervisor's response, the committee sends a proposed response to the warden. If the prisoner is dissatisfied with the warden's decision, the prisoner may file an appeal with the assistant commissioner of operations/designee. Non-grievable matters are set forth at TDOC Policy No. 9501.01(VI)(D) and include, inter alia, punishment imposed under disciplinary procedures.

We conclude that the district court's judgment must be affirmed because Shabazz failed to demonstrate that he had exhausted all available administrative remedies before filing suit. The regular grievance procedure was the appropriate means for Shabazz to exhaust his administrative remedies concerning a claim of discriminatory job termination. *See* TDOC Policy No. 103.10. Pursuant to TDOC Policy No. 505.07(VI)(H)(6)(a), job "[d]ismissals are only considered to be disciplinary if the Disciplinary Board recommends a job termination and the recommendation is approved." For Shabazz, the job termination request came from the maintenance supervisor, rather than the Disciplinary Board. Thus, his claim does not appear to be a non-grievable matter concerning punishment imposed under disciplinary procedures, and he was obliged to file a grievance and to appeal any unfavorable disposition, including a decision that the matter was non-grievable. Shabazz, however, neither mentioned his grievance, nor attached his grievance or its disposition to his complaint. Although Shabazz attached the grievance, the disposition, and other material to his brief on appeal, these documents are not part of the district court record and cannot be considered by this

court. *See* Fed. R.App. P. 10(a); *United States v. Bonds,* 12 F.3d 540, 552 (6th Cir.1993).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.